44412, 44413. SOUTHERN RAILWAY COMPANY v. FLOYD (two cases).

ARGUED APRIL 7, 1969—DECIDED APRIL 28, 1969.

*Matthews, Maddox, Walton & Smith, James D. Maddox,* for appellant.

*Howe & Murphy, Harold L. Murphy,* for appellees.

QUILLIAN, Judge. The evidence disclosed that: Mrs. Floyd

walked along the sidewalk over the railroad tracks en route to a dress shop; while returning from the shop she was in the process of crossing the tracks again when she fell; she stepped on the train rail and her foot slipped off the rail and her heel went into a hole causing her to fall; that she was familiar with the crossing; she thought she knew the hole was there; she was looking down and watching every step she made.

The defendant contends that Mrs. Floyd did not exercise due care for her own safety because she knew the hole was there and deliberately stepped on the rail from which her foot slipped resulting in her fall. Had Mrs. Floyd stepped into the hole which she knew existed we would agree with the defendant's contention. *Wade v. Roberts*, 118 Ga. App. 284 (163 SE2d 343). However, in the case sub judice she stepped on the train rail and her foot slipped into the hole. Whether this act was negligent would be an issue for the jury to determine. Likewise, it would be a question of fact whether the defendant was negligent in the manner in which it maintained the crossing. *Code* § 94-503; *Yancey v. Southern R. Co.*, 99 Ga. App. 493, 495 (109 SE2d 300). In the event the jury found both parties were negligent the comparative negligence doctrine would apply.

The denial of the motions for summary judgment was not error.

*Judgments affirmed. Felton, C. J., and Pannell, J., concur.*