## 60145. SHANNON et al. v. WALT DISNEY PRODUCTIONS, INC. et al.

SMITH, Judge.

Appellant Craig Shannon, by next friend, brought an action for negligence. The trial court granted appellees' motion for summary judgment on the grounds that 1) the negligence claim cannot be sustained as a matter of law and 2) the First Amendment is an absolute defense to this action. We reverse.

On February 28, 1978, appellant, a child of age 11, was watching a television program entitled "The Mickey Mouse Club." The program, oriented to children between the ages of 6 and 12, was produced by appellee Walt Disney Productions, Inc., syndicated by appellee SFM Media, Inc. and televised by appellee Turner Communications, Inc. A segment of the program entitled "Sound Effects" began as follows: "Our special feature on today's show is all about the magic you can create with sound effects." During this segment of the program, the participants and the television audience were shown how to produce the sound of a tire coming off an automobile: "McDonald: . . . Now one time I had a very interesting sound I had to make. It was going to be the sound of a tire or wheel actually coming off an automobile. It had to go faster than the automobile and roll over the mountain, but as the tire bounced down the hill. So, I used just a balloon here and I put one BB in it; and I'll blow this up. (Demonstrating, putting BB in balloon and exhaling into balloon filling balloon with air). McDONALD: Let's see how big I can get this. (Exhaling into balloon filling balloon with air.) McDONALD: Then I'll rotate it and I'll hold it right here and you'll hear the speed of the wheel; then I'll hold it long enough, and you'll hear the bounce inside of this BB, which is the tire going over the hill and bouncing over the canyon. So here we go. (Demonstrating, shaking balloon causing BB to rotate around inside confines of balloon, gradually slowing until BB loses momentum and bounces several times on inside bottom of balloon) voice No. 1: Oh. Voice No. 2. I like it. Voice No. 3. Sounds just like it." There was no warning of any kind.

Appellant decided to attempt what he had just seen. He found a "long skinny balloon" and a round piece of lead (larger than a BB), placed the lead in the balloon and mimicked what he had seen on television. After blowing the balloon up for the third or fourth time, the balloon burst. The piece of lead shot into appellant's eye, causing partial blindness.

1. We have found no Georgia cases addressing a factual pattern similar to the case at bar. However, it is clear that the burden is on appellees, as movants for summary judgment, to establish there is no genuine issue of fact. *Garrett v. Heisler,* 149 Ga. App. 240, 242 (253 SE2d 863) (1979). "This burden is a great one for, as a general proposition, issues of negligence are not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178) (1970). The trial court can conclude as a matter of law that the facts do or do not show negligence only where the evidence is plain, palpable and undisputable. *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753) (1916); *Ellington v. Tolar Const. Co.,* 237 Ga. 235, 237 (227 SE2d 336) (1976)." *Charter Bldrs., Inc. v. Sims Crane Svc.,* 150 Ga. App. 100, 101 (256 SE2d 678) (1979). "Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication." *Russell v. Goza,* 143 Ga. App. 455, 456 (238 SE2d 583) (1977).

2. Appellees argue that a negligence action cannot be sustained because, as a matter of law, 1) the airing of the program presented no foreseeable risk of harm and 2) appellant's contributory negligence "was the intervening cause of his injury." In view of appellees' burden on the motion for summary judgment, we must reject these contentions. On the basis of the record before this court, we are not prepared to hold, as a matter of law, that appellees cannot be held liable in tort for appellant's injuries.

The imposition of liability for injuries resulting from statements negligently broadcast over mass-media is not without precedent, In Weirum v. RKO General, Inc., 123 Cal Rptr. 468 (539 P2d 36) (1975), the pertinent facts were as follows: "A rock radio station with an extensive teenage audience conducted a contest which rewarded the first contestant to locate a peripatetic disc jockey. Two minors driving in separate automobiles attempted to follow the disc jockey's automobile to its next stop. In the course of their pursuit, one of the minors negligently forced a car off the highway, killing its sole occupant." Id. at 469. The Supreme Court of California affirmed a jury verdict in favor of the plaintiff, holding that the defendant breached a duty of reasonable care owed the decedent. The court rejected the defendant's arguments that the absence of prior injury

established the lack of a foreseeable risk of harm. The court held: "Such an argument confuses foreseeability with hindsight, and amounts to a contention that the injuries of the first victim are not compensable. 'The mere fact that a particular kind of an accident has not happened before does not . . . show that such accident is one which might not reasonably have been anticipated.' (*Ridley v. Grifall Trucking Co.* (1955) 136 Cal. App. 2d 682, 686, 289 P. 2d 31, 34.) Thus, the fortuitous absence of prior injury does not justify relieving defendant from responsibility for the foreseeable consequences of its acts." Id. at 472.

In the instant case, appellees contend a lack of a foreseeable risk of harm is established by the fact that, of the millions of children watching the program, only appellant reported an injury. However, it is not known how many children attempted to produce the sound effect in question or whether any child was injured, but failed to report the injury. Moreover, "if the risk is an appreciable one, and the possible consequences are serious, the question is not one of mathematical probability alone. The odds may be a thousand to one that no train will arrive at the very moment that an automobile is crossing a railway track, but the risk of death is nevertheless sufficiently serious to require the driver to look for the train. It may be highly improbable that lightning will strike at any given place or time; but the possibility is there, and it requires precautions for the protection of inflammables. As the gravity of the possible harm increases, the apparent likelihood of its occurrence need be correspondingly less." Prosser, Law of Torts, 4th Ed., § 31, p. 147.

Nor can it be said, as a matter of law, that appellant's conduct precludes recovery. See *Heath v. Charleston & W. R. Co.,* 218 Ga. 786 (130 SE2d 712) (1963); *Jackson v. Young,* 125 Ga. App. 342 (187 SE2d 564) (1972); *Southern R. Co. v. Floyd,* 119 Ga. App. 605 (168 SE2d 197) (1969). "A child of 11 years is one of tender years, and it owes only due care to others as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation. See Code § 105-204. It may be ordinary care and it may not. Generally, due care is defined as that care which an ordinary, prudent person would have exercised under the circumstances; and due care, ordinary diligence and ordinary care are interchangeable terms. See *Criswell Baking Co. v. Milligan,* 77 Ga. App. 861 (3) (50 SE2d 136); *McDuffie v. Tanner,* 108 Ga. App. 213, 216 (132 SE2d 675). But as to a child of tender years, under 14 years of age, she is not bound to exercise due care as an adult (exacted of every prudent man) but according to her age and capacity. See *Kendrick v. High Shoals Mfg. Co.,* 21 Ga. App. 315 (1) (94 SE 287), and cits. See also the recent Supreme Court decision of *Ashbaugh v. Trotter,* 237

Ga. 46, 47 (226 SE2d 736)." *Sturdivant v. Polk,* 140 Ga. App. 152, 154 (230 SE2d 115) (1976). "There are many situations in which the hypothetical reasonable man would be expected to anticipate and guard against the conduct of others . . . And when children are in the vicinity, much is necessarily to be expected of them which would not be looked for on the part of an adult." Prosser, supra, § 33, pp. 170-172.

3. Appellees, citing Time, Inc. v. Hill, 385 U. S. 374 (87 SC 534, 17 LE2d 456) (1967) and Rosenbloom v. Metromedia, 403 U. S. 29 (91 SC 1811, 29 LE2d 296) (1971), contend that the subject communication was privileged under the First Amendment and that appellant's claim is therefore barred. However, Hill and Rosenbloom are defamation cases and thus distinguishable on their facts. Moreover, Hill and Rosenbloom predate the decision of Gertz v. Robert Welch, Inc., 418 U. S. 323, 347 (94 SC 2997, 41 LE2d 789) (1974), wherein the United States Supreme Court held "that, so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual." The plurality opinion of Justice Brennan in Rosenbloom does not appear controlling in the case at bar.

In Weirum v. RKO General, Inc., supra, at 472, the Supreme Court of California held as follows: "Defendant's contention that the giveaway contest must be afforded the deference due society's interest in the First Amendment is clearly without merit. The issue here is civil accountability for the foreseeable results of a broad-cast which created an undue risk of harm to decedent. The First Amendment does not sanction the infliction of physical injury merely because achieved by word, rather than act." Appellant contends that the "Sound Effects" program encouraged children like him to engage in an activity which exposed them to an unreasonable risk of harm. Consistent with the holding in Weirum, we conclude that the First Amendment would not constitute an absolute defense to an action premised on this theory of recovery.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED JUNE 6, 1980 — DECIDED NOVEMBER 21, 1980 —

*Edward L. Savell, John Wilcox,* for appellants.
*Cleburne E. Gregory, Jr., Earnest H. DeLong, Jr.,* for appellees.