68443. BRIDGES v. INTERSTATE TRUCK LEASING, INC. et al.

BANKE, Presiding Judge.

The appellant is a truck driver employed by Gold Kist, Inc., to make deliveries of Gold Kist products in Georgia and Florida. The truck he operated was leased to Gold Kist by the appellee, Interstate Truck Leasing, Inc., which was responsible for its maintenance pursuant to the lease agreement. The appellant was allegedly injured when the truck's left front tire sustained a blowout. He sued both Interstate and Michelin Tire Company, alleging that Interstate's agents and employees had negligently replaced the tire with a defective one manufactured by Michelin. The appellant also alleged in his complaint that the tire in question was a used tire which had been discarded as unsafe prior to its being placed on the truck.

Michelin submitted the affidavit of an expert to the effect that the tire had ruptured as a result of striking some unusual road hazard. The appellant responded by submitting expert opinion testimony to the effect that the blowout had resulted from fatigue and weakness

in the cord body, "often caused by a defect in workmanship and design by the manufacturer." Interstate's employees testified that there had been no noticeable defect in the tire when they mounted it on the truck; and, in his own deposition, the appellant indicated that he had been present when the tire was mounted on the truck and had seen no defect in it. This appeal is from the grant of Interstate's motion for summary judgment. The action remains pending below against Michelin. *Held*:

The trial court's judgment was apparently based on its determination that if the tire was defective, the defect was a latent one for which Interstate could not be held responsible. However, the appellant stated in his deposition that Interstate's foreman had informed him after the incident that the tire in question "had been taken off of another truck . . . because it bounced and wasn't driving right." Although the employee in question denies making any such statement, the disputed testimony raises a material fact issue as to Interstate's alleged negligence.

"In motions for summary judgment, the evidence must be construed most favorably toward the party opposing the grant of same; and most unfavorably toward the party applying for the motion for summary judgment. All inferences and conclusions which arise from the evidence must be likewise construed." *Tipton v. Harden*, 128 Ga. App. 517 (4) (197 SE2d 746) (1973). "The trial court can conclude as a matter of law that the facts do or do not show negligence only where the evidence is plain, palpable and undisputable. [Cits.] 'Unless no other conclusion is permissible, questions of negligence are matters for jury resolution and are not ordinarily susceptible to summary adjudication.' *Russell v. Goza*, 143 Ga. App. 455, 456 (238 SE2d 583) (1977)." *Shannon v. Walt Disney Productions*, 156 Ga. App. 545, 546 (275 SE2d 121) (1980). Based on the record before us, we are not prepared to hold, as a matter of law, that Interstate was not negligent.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JUNE 26, 1984.

*Robert D. Goldsmith*, for appellant.
*Kenneth B. Hodges, Jr., William A. Erwin, John A. Gilleland*, for appellees.