## 77593, 77686. GLASS v. BELL; and vice versa.
## 77782. DOUGLAS COUNTY v. BELL.

(378 SE2d 385)

BIRDSONG, Judge.

Three appeals arise out of a $35,000 verdict for the wrongful death of Johnny Bell, against defendants Charles A. Glass and Douglas County. On August 11, 1984, Bell died after he drove his new three-wheel "all terrain vehicle" under a cable strung across a road by

defendant Glass. The cable, which Glass had hung with yellow and orange "neon" plastic streamers so as to make it clearly visible, struck Bell in the larynx, severing it from his trachea.

The plaintiff's case in essence is that Poole Road, the dead-end, dirt road Bell was traveling, was a public road by use, prescription, repute and county up-keep; that defendant Glass had violated the law and committed wilful and wanton negligence per se by hanging a cable across a public road despite several instructions from the county to remove it; and that this negligence was the proximate cause of Bell's death; or at least that Bell's own negligence, if any, was less than that of Glass and Douglas County in maintaining and allowing a cable across a public road. The evidence as to whether the road, or this part of it, was public or private, was in much dispute.

In all, the three parties, in their three appeals, assert thirteen errors of law. *Held*:

Some of the enumerations of error in each appeal might have merit, if we got that far; but we cannot get past the fact that only 20 or 30 minutes before Bell drove east on Poole Road into the cable, he had driven that same road west, had stopped and examined the cable from five or six feet away, had remarked to his brother that if he had not stopped he would have hit the cable, and had then driven his three-wheeler to the left and around the cable to continue on his way. It was broad daylight, about 4:30 p.m., and the cable was hung (by Glass) with yellow or orange "neon" streamers to clearly mark its presence. Where Bell and his brother had entered onto Poole Road at the intersection of Ephesus Church Road, there was a sign marking this westbound Poole Road as a "dead-end." This part of Poole Road is a dirt road which evidently just "peters out" somewhere; where it does so is part of the dispute. Presently it serves as the driveway to the house Glass has since built. There was also a no-trespassing sign near the cable and just west beyond the cable there was an 18-inch high *ridge of rock passing across the entire road.* After they had circumnavigated the cable, Bell and his brother proceeded to a friend's house in the vicinity, where Bell perhaps drank a beer. Then the brothers set out on their return journey, Bell driving ahead at 25 or 30 mph. It was broad daylight. Bell went straight east on Poole Road, crossed the 18-inch rock ridge and drove into the cable.

The plaintiff contended at trial that Bell did not "assume the risk" or operate in a more negligent manner than the defendants, because when he was fatally injured he was coming back down Poole Road from *the other direction* from which he had 20 or 30 minutes before stood and seen the cable; and because the dirt road was hilly and bumpy and tree-covered and he could not be faulted for either having forgotten the existence or location of the cable or having not been able to see it from that direction.

Assuming in favor of the verdict that the road was public and Glass was wilfully negligent and broke the law by hanging a cable across it, nevertheless Bell undisputedly knew the cable was there. It was clearly marked with streamers. Even if it was a crime to hang it there, Bell was still not excused from the duty of ordinary care which is owed by every plaintiff.

More to the point, given the facts raised by the plaintiff Mrs. Bell, that the road was hilly and bumpy and tree-covered and thus difficult to see, it was *therefore* particularly incumbent upon Bell in the exercise of ordinary care to travel back along it with caution for the cable. We think reasonable minds cannot differ that under the evidence in this case Bell exercised no caution and perhaps challenged a known danger. If ever it is permissible for a plaintiff to in some circumstances forget or misjudge a defective or hazardous, *or even criminal*, condition of which he had taken note just 20 minutes before, the facts of this case do not allow it. The hillier, bumpier, and bushier the road became, the more caution Bell had to exercise, for he knew without doubt that not only the cable but, first, *the 18-inch high ridge of rock* traversed the entire road.

This is the fact we cannot escape. Assuming the worst on Glass' part, it simply cannot be argued that Bell owed no duty of care for his own safety, and it is not argued that he exercised any. His own lack of caution was the proximate cause of his tragic death. If the complex questions in this case were "thrown to the wind" (as the trial court put it in giving them all to the jury) and resulted in some sort of meted-out amelioration, the jury's action does not alter the fact that Bell knew the cable was there; and *although* the road was hilly and bumpy and perhaps difficult to see, he took no care, but drove at an unhampered speed toward the cable. It is a hard conclusion, but we have examined this case closely, and we find the law does not permit us or the trial court to overlook the clear facts of the deceased's own lack of care, and its result. See *Mann v. Hart County EMC*, 180 Ga. App. 340 (349 SE2d 215); *Brooks v. Douglas*, 154 Ga. App. 54 (267 SE2d 495). See esp. *McNish v. Gilbert,* 184 Ga. App. 234, 236 (361 SE2d 231); and cf. *Webster v. Vulcan Materials Co.*, 184 Ga. App. 749, 750 (362 SE2d 420).

The trial court erred in failing to grant summary judgment or at least directed verdicts in favor of the defendants in this case. This resolves all enumerations of error made in each of these three appeals.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 3, 1989.

*Drew, Eckl & Farnham, James M. Poe*, for Glass.
*Parker, Johnson, Cook & Dunlevie, William C. Tinsley II*, for

Bell.

*Howe, Sutton, McCreary & Dettmering, Donald B. Howe, Jr., W. O'Neal Dettmering, Jr.,* for Douglas County.

*Rogers, Magruder, Hoyt, Sumner & Brinson, J. Clinton Sumner, Jr., Sidney P. Wright,* for Georgia Power.