A89A1740, A89A1741. O'STEEN v. RHEEM MANUFACTURING COMPANY; and vice versa.
(390 SE2d 248)

DEEN, Presiding Judge.

On April 4, 1985, Ms. O'Steen, appellant in Case No. A89A1740, was driving along the roadway which traversed the parking lot owned by, and located adjacent to the plant of, her employer, appellee/cross-appellant Rheem Manufacturing Company (Rheem). As she approached a side road (also within the parking lot), a car driven by a fellow employee (not a party to the instant appeal) entered the road on which she was travelling and collided with her vehicle. In December 1986, after her workers' compensation claim was denied under the "lunch break" rule, Ms. O'Steen brought an action against Rheem and the driver of the other vehicle, alleging against the latter negligence in failing to keep a proper lookout, failure to yield to a vehicle on his right, and failure to maintain control of his vehicle; and against Rheem, negligence in permitting large trucks to be parked where they blocked the view of the intersection and failing to post traffic signs and markers to indicate right-of-way, etc. Rheem unsuccessfully moved for summary judgment, arguing primarily that O'Steen, having worked at the site for more than six years and having passed through the intersection in question more than 5,000 times, had knowledge of the purported hazard equal to or greater than that of her employer. In January 1987, before the case actually went to trial, O'Steen suffered a job-related injury, and damages for this injury were also

sought in conjunction with the 1985 incident.

Upon trial, a Fulton County jury awarded O'Steen damages of $217,587. The trial court granted judgment notwithstanding the verdict in favor of Rheem, and both parties appeal. In Case No. A89A1740 Ms. O'Steen enumerates seven errors having to do with the "equal knowledge rule," both facially and in its application to the instant case, alleging that the "equal knowledge rule" should have barred the award of judgment n.o.v. In Case No. A89A1741, Rheem enumerates as error the trial court's denial of its motion for directed verdict (made at the close of plaintiff O'Steen's case) on the ground that the Workers' Compensation Act barred plaintiff's recovery of damages for expenses incurred on or after January 15, 1987; and the subsequent granting of a directed verdict against Rheem on that issue. Rheem also enumerates as error the trial court's failure to give seven jury instructions it had requested. *Held*:

1. Chiefly at issue in the instant case is the applicability *vel non* of the "superior/equal knowledge rule." Rheem argues that this rule absolves the company of liability, inasmuch as O'Steen had passed through the crucial intersection at least 5,000 times during the course of her employment and therefore was well aware of any potential hazard that might have existed. O'Steen, on the other hand, argues that the rule should be abolished or held inapplicable to the instant cases.

In *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157 (342 SE2d 468) (1986), the "superior/equal knowledge rule" was invoked as a defense against an employee's allegation that the employer had been negligent in allowing on the business premises her apparently mild-mannered estranged husband, who suddenly pulled a gun and shot her. Although so different factually from the instant cases as not to be apposite in its particulars, *Carla Gay* nevertheless incorporates so comprehensive and well-reasoned an analysis of the "superior/equal knowledge rule" that it serves well to point the way to the proper disposition of the cases at bar. We quote at length from pages 158-160:

"We have stated the rule many times with respect to defects, foreign substances on floors, and static dangerous conditions, that '(t)he basis of the proprietor's liability is his superior knowledge and if his invitee [or licensee] knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee [or licensee] has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition. (Cits.)' *Hunt v. Thomasville Baseball Co.*, 80 Ga. App. 572, 573 (56 SE2d 828). See *Hadaway v. Cooner Enterprises*, 172 Ga. App.

113, 114 (321 SE2d 830).[1]

"In such cases, liability attaches when the perilous condition is not known to the invitee and is known to the proprietor, or is discoverable by the proprietor in the exercise of ordinary care to inspect and keep the premises safe. *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327). If the invitee [or licensee] is as aware of the danger as is the proprietor, but proceeds in spite of such knowledge, he assumes the risks and dangers incident to the known conditions (*Telligman v. Monumental Properties*, 161 Ga. App. 13, 14 (288 SE2d 846)), and is therefore deemed guilty of a failure to exercise ordinary care for himself and cannot recover. OCGA § 51-11-7; *Brownlow v. Six Flags Over Ga.*, 172 Ga. App. 242, 243 (322 SE2d 548); *Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906 (81 SE2d 721).

"The superior/equal knowledge rule presumes the plaintiff, knowing of the danger, could have avoided the consequences of defendant's negligence with the exercise of ordinary care. It is applicable in those cases where the proprietor allows a dangerous condition to exist, including cases where the alleged dangerous condition is one created by the activities of third persons, so long as the condition is one which the invitee can expect equally with the host, or come to know of, and therefore must anticipate the danger. In other words, the condition even if created by third parties must be such that the invitee can indeed have equal knowledge and either assumes the risk or *can avoid the danger with ordinary care* . . . In all such cases, if there is proprietor's liability, it is based on his superior knowledge of the existence of a dangerous condition, for 'if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition. (Cits.)' [*Ramsey v. Mercer*, 142 Ga. App. 827, 829 (237 SE2d 450)] . . .

"The 'equal knowledge rule' then is the practical application of a rule that a knowledgeable plaintiff cannot recover damages if by ordinary care he could have avoided the consequences of defendant's negligence. OCGA § 51-11-7."

As applied to the instant cases, the key phrase is "avoid with exercise of ordinary care." Despite Rheem's elaborate diagrams purporting to show alternative routes Ms. O'Steen might have taken (alternatives whose existence O'Steen denies), it is unreasonable to expect

---

[1] [Since the issue was not raised below or on appeal, we do not address whether O'Steen's status was that of invitee or licensee. Assuming *arguendo* that it was the latter, the *Carla Gay* argument would apply even more strongly than otherwise, since it is axiomatic that the proprietor's duty owed to a licensee is less than that owed an invitee.]

that Ms. O'Steen would eschew the familiar route and take a circuitous and apparently less-than-obvious route through the parked cars rather than the route customarily used by employees when traversing the parking area. Heavy indeed would be the burden of proving that such an extreme of avoidance would be required under the standard of "ordinary care." See *Herrington v. Stone Mtn. Memorial Assn.*, 119 Ga. App. 658 (168 SE2d 633), rev'd on other grounds, 225 Ga. 746 (171 SE2d 521) (1969).

On the other hand, using an alternate route was not the only means available to Ms. O'Steen of avoiding danger through the exercise of ordinary care. Although there was conflicting testimony regarding the speed at which Ms. O'Steen was traveling at, or immediately prior to, the moment of collision, the exercise of ordinary care would dictate that at any intersection where visibility is impeded to any degree and for any reason — *a fortiori* at a "blind" intersection at which cars had previously been seen entering from a side street or driveway — the prudent driver would slow down sufficiently (coming to a full stop, if necessary) to enable him or her to determine visually that the intersection, to as near an absolute certainty as possible, was clear. In such a situation, absent disciplined habits on the driver's part, the presence of stop signs or other traffic markers would make little if any difference. *Chisholm v. Fulton Supply Co.*, 184 Ga. App. 378 (361 SE2d 540) (1987). See also *Osburn v. Pilgrim*, 246 Ga. 688 (273 SE2d 118) (1980).

Thus as between O'Steen and Rheem the trial court properly found on the part of the latter no actionable negligence which might provide a basis for recovery by O'Steen. See *Harmon v. Reames*, 188 Ga. App. 812 (374 SE2d 539) (1988).[2] Regarding liability as between O'Steen and the other driver, that is not an issue before us. In Case No. A89A1740 we find no merit in Ms. O'Steen's enumerations of error, either in whole or in part.

2. In Case No. A89A1741 we find no merit in Rheem's five enumerations of error having to do with the Workers' Compensation Act. The record reveals that, in the evidentiary posture of the case, the trial court's direction of a verdict concerning plaintiff's damages incurred during or subsequent to her 1987 accident was proper. See OCGA § 9-11-50.

3. Scrutiny of the record indicates that the trial court gave the substance of the jury charges the omission of which Rheem challenges, insofar as such instructions were appropriate and permissible.

---

[2] We recognize that issues of negligence and ordinary care are usually for the jury to decide. It is well settled, however, that in "plain and palpable cases" the existence *vel non* of negligence or ordinary care may be decided by the court rather than by the jury. *Hargrove v. Tanner*, 98 Ga. App. 16 (104 SE2d 665) (1958).

Moreover, the award of judgment notwithstanding the verdict in favor of Rheem renders moot the sixth and seventh enumerations.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 3, 1990 —
REHEARING DENIED JANUARY 17, 1990 — 

*Reynolds & McArthur, Charles M. Cork III, O. Wendell Horne III*, for appellant.

*Jones, Cork & Miller, Carr G. Dodson, Bradley J. Survant*, for appellee.