A90A1445. JONES et al. v. CAMPBELL et al.
(400 SE2d 364)

BEASLEY, Judge.

Mr. and Mrs. Campbell were granted summary judgment in a negligence suit for injury to Mr. Jones and loss of consortium to Mrs. Jones.

Viewed in favor of the Joneses, opponents of summary judgment, the evidence was as follows. The Campbells owned the property at issue and had lived there for several years before moving out-of-state in 1979. They rented the residence to the Joneses who lived in it continuously before the incident in 1986. In some years there were written leases and in some years the Joneses carried over.

At the rear of the property was a stream, varying in width from four to seven or eight feet, which served as storm drainage for the area. The property was subject to, but did not include, a sewer easement adjacent to the stream.

During the seven years the Joneses lived there, Mr. Jones mowed the lawn twice weekly, including the area where he was injured. Mr. Jones testified that during the period of their residency, the banks eroded between one foot and two feet.

Mrs. Jones notified the Campbells that some erosion was occurring along the stream embankment, and in mid-1985, Mr. Campbell visited the property and examined the area. He did not believe any danger was created, but contacted the city concerning repairs to the drainage easement area/stream. Representatives of the city also came and viewed the property. Mr. Campbell agreed to pay for the materials for the city to do the repairs, but they had not been done at the time of the accident.[1] He wrote to the city again requesting the repairs in March 1986.

On July 12, 1986, Mr. Jones was mowing the grass three to three-and-a-half feet from the edge of the stream. About a foot from where the incident occurred was a manhole cover over an underground sewer, which was part of the sewer easement. Mr. Jones said "[w]hat happened, the ground give away. When I fell in, it's about 3 feet wide and about two feet deep. It came above my ankle, the hole I was in." Additionally, Mr. Jones testified: "Q. The ground just dropped out? A. Yeah, yeah. Q. So we're not talking about the bank . . . A. Oh, no, no. Q. . . . caving in? A. No, this was a hole." After the hole appeared, there was still intact land between the hole and the creek. As stated by Mrs. Jones, "[o]h yeah, because he didn't cut exactly on the edge, or we knew not to, you know, because it was eroding." The erosion continued, and within several months the area where Mr. Jones was injured washed away.

The complaint alleged that "suddenly and without warning, the embankment gave way and collapsed under Mr. Jones, causing him to fall straight down into the newly created hole . . . ," resulting in his foot slipping under the mower. Mr. Jones lost two toes and suffered a severe laceration on the ball of his foot.

1. "In order '(t)o prevail on a motion for summary judgment (OCGA § 9-11-56), a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. (Cits.)' *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981); [Cit.]." *Willis v. Allen*, 188 Ga. App. 390, 391 (373 SE2d 79) (1988).

Plaintiffs contended that the incident was the result of the Campbells' "failure to maintain, repair, remedy or correct a defective condition, . . . which defective condition was actually known to the Defendants." Their claim is based on OCGA §§ 44-7-13 and 44-7-14, which define the landlord's duty to keep the premises in repair and hold the landlord "responsible for damages arising from . . . the fail-

---

[1] The city was a co-defendant but obtained summary judgment due to plaintiffs' failure to give the ante litem notice.

ure to keep the premises in repair."

After taking the Joneses' depositions, defendants filed their motion, contending that they had no notice of any sinkhole and therefore no duty of repair, and that notice of bank erosion was not notice of the potential of sinkholes, none having ever previously occurred.

Another aspect, a lack of proximate cause as a matter of law, was also argued at the hearing. Appellants urge that the trial court should not have considered the issue of proximate cause because they had no notice that was to be a basis for the motion. The issue is adequately raised in the motion.

2. Plaintiffs' allegation is that the injuries were proximately caused by the deterioration of the embankment. While there is some evidence that the wall or bank adjacent to the hole collapsed after the hole was created, there is no evidence that the erosion of the embankment caused the hole. Mr. Jones did not fall when erosion removed the ground he was stepping on; he fell into a hole which appeared several feet from the bank. There is no evidence to show that the erosion, of which all parties knew, created the hole into which Mr. Jones fell. There was no evidence to show that erosion such as existed at this property could or did cause the hole to occur. There was no evidence to show that the Campbells, any more than the Joneses, should reasonably have foreseen the creation of such a hole appearing by the continuing erosion of the stream embankment.

Some evidence of causation linking what was known (a continuing deterioration of the stream bank) with what specific "defect" resulted in the injury (a suddenly-appearing sinkhole) would have to be presented by plaintiffs to counter the undisputed evidence that the hole was at a distance from the erosion and closer to an underground sewer.

Here, the only indication that the hole was caused by the erosion was Mrs. Jones' statement in her affidavit that there was "no question in my mind that the ground gave way . . . because of the instability of the embankment due to the continued erosion of the stream banks." No basis in fact or experience, nor any indication of her qualifications to give such an opinion support her supposition, which proves nothing. Mrs. Jones' conclusion is nothing more than surmise and would not support a jury finding in this regard.

"[A] party resisting summary judgment, in addition to coming forward with evidence which is sufficient to create a genuine issue of material fact, must present some credible warrant for its admissibility." *Wilson v. Nichols*, 253 Ga. 84, 86 (3) (316 SE2d 752) (1984). No such warrant is provided for Mrs. Jones' assumption and there is no other linking evidence.

Ordinarily proximate cause is not appropriate for summary adjudication. *North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346)

(1981). However, where plaintiffs rely on allegations and assumptions in the face of evidence to the contrary, summary judgment is proper.

"[L]andlord[s] owed the legal duty to [their] tenants to keep the premises in repair. OCGA § 44-7-13. Additionally, the landlord is responsible for damages arising from the failure to keep the premises in repair. OCGA § 44-7-14. However, in order to recover, a tenant is required to show not only that the landlord breached his statutory duty to keep the premises in repair, but that such breach was the proximate cause of [the] injury. Absent such cause-effect connection, plaintiff's action would be lacking one essential element." *Brown v. RFC Mgmt.*, 189 Ga. App. 603, 604 (376 SE2d 691) (1988).

As in that case, so in this one, "[w]e find the evidence presented to the trial court establishes the absence of a causal relationship between the alleged acts of negligence of the . . . landlord[s] and the injuries incurred by the plaintiff tenant." Ibid.

3. Defendants have pierced a necessary element of plaintiffs' claim, that of causation. *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). Thus, summary judgment was proper and it is unnecessary to consider the remaining enumerations of error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 4, 1990 —
REHEARING DENIED DECEMBER 13, 1990 — 

*McKenney & Froelich, William J. McKenney, David M. Kupsky,* for appellants.

*Richard Kopelman, Fain, Major & Wiley, Charles A. Wiley, Jr.,* for appellees.