A95A1070. KEITH et al. v. BEARD et al.

(464 SE2d 633)

JOHNSON, Judge.

On February 22, 1991, John Keith was riding a motorcycle when Alex Aguirre allegedly pulled out from an unpermitted commercial driveway into Keith's path, and the two collided. John Keith and Donna Keith filed this action for damages for injuries resulting from the collision, naming Aguirre, Sherry Shover, the owner of the vehicle driven by Aguirre, the Georgia Department of Transportation (DOT), and James H. Beard III, individually and as general partner of B-K Properties, the owner of the commercial driveway (hereinafter referred to collectively as "Beard") as party defendants. The Keiths settled their claims against the DOT.

In their complaint, the Keiths alleged the commercial driveway from Beard's property onto State Route 14 violated DOT regulations and was constructed without obtaining proper permits, in violation of state law. They further claimed the driveway had insufficient sight distance and created a situation of poor visibility for traffic attempting to exit safely onto State Route 14. In his deposition, Keith testified he was riding his motorcycle approximately 40 feet behind the car ahead of him as he traveled along State Route 14 approaching the driveway in question. The Keiths also offered evidence of at least 21 other accidents occurring within 100 feet of the site of the accident between December 12, 1984, and January 17, 1990. The Keiths contended that prior to Keith's accident in February 1991, Beard had actual knowledge of the danger created by the driveway because Beard had been sued for injuries sustained in an earlier accident at the same location. In his deposition of September 27, 1993, Beard admitted he had known about the alleged danger of the driveway from approximately April 11, 1990, when he was served with the earlier lawsuit. Beard conceded that he was reluctant to close the driveway because he believed the access to State Route 14 was important to his tenant, and he felt the elimination of the driveway would diminish the value of his property. The trial court granted Beard's motion for summary judgment, and this appeal follows.

1. In their first enumeration of error, the Keiths contend that summary judgment was granted in error because genuine issues of material fact remain as to Beard's liability. The Keiths allege that Beard's actions in maintaining and improving the commercial driveway constitute negligence per se, as well as ordinary negligence, and therefore, summary judgment was improper. Although Beard has admitted he failed to obtain a commercial driveway permit as required by OCGA § 32-6-131, he contends the failure to obtain the proper permit constituted neither negligence per se nor negligence and was not the proximate cause of the accident on February 22, 1991. Addi-

tionally, Beard insists that Keith's injuries were caused by Keith's inattentiveness or disregard for his own safety, Keith's failure to brake, and the other driver's negligence. Because we find there are material issues of fact remaining to be resolved, we reverse.

OCGA § 32-6-131 provides: "It shall be unlawful for any person to construct a new commercial driveway or to reconstruct, alter, or improve any existing commercial driveway without first obtaining a permit from the department therefor and complying with the department regulations authorized by Code Section 32-6-133. A violation of this Code section, in addition to being unlawful, shall entitle the department to barricade, displace, or otherwise close such driveway and to collect the costs therefor from the violator as provided by Code Section 32-6-134." Id.

In determining whether the violation of a statute is negligence per se, it is necessary to examine the purpose of the statute and decide (1) whether the injured person falls within the class of persons it was intended to protect and (2) whether the harm complained of was the harm the statute was intended to guard against. *Rabinovitz v. Accent Rent-A-Car*, 213 Ga. App. 786 (446 SE2d 244) (1994).

In 1973, the General Assembly enacted the commercial driveway permit section as part of the Georgia Code of Transportation. Ga. L. 1973, p. 947. The law's stated purpose is to "provide for the administration, financing, construction, maintenance, and operation of an adequate and integrated system of public roads and other modes of transportation in Georgia *so that the safety*, convenience and interests *of the various modes of public transportation and the public will be promoted and served*." (Emphasis supplied.) Ga. L. 1973, p. 947. OCGA § 32-6-131 was enacted to effectuate this purpose. Thus, the General Assembly, by requiring permits for commercial access to state roads, intended to promote public safety by mandating DOT oversight as to whether, among other things, every new or changed commercial driveway is, in fact, safe to the public.

A DOT civil engineer measured the sight distance of Beard's driveway and determined it was 493 feet, well short of the American Association of State Highway and Transportation Officials' minimum required distance of 620 feet. The engineer testified he would not grant a permit to Beard as the driveway currently existed because he deemed the driveway to be hazardous and unsafe to the public. He further testified he did not know how long the road had been a state road and how long the speed limit had been 45 mph at that location, two factors which could affect the number of accidents. He also stated that although he had heard of other accidents at the same driveway, the DOT did not keep a log of telephone complaints or records on non-fatal accidents.

Keith clearly falls within the category of persons being protected

by OCGA § 32-6-131, and it is clear as well that the harm complained of is the harm the statute is intended to guard against. Summary judgment is appropriate when the court, after viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991). Construing the facts most favorably toward the Keiths as respondents, a jury could determine that Beard violated OCGA § 32-6-131, and that construction or maintenance of the subject driveway in violation of that code requirement would be negligence per se.

Negligence per se does not mean liability per se. The Keiths would bear the burden of demonstrating that Beard's failure to obtain a driveway permit was a contributing cause of the accident at issue here. Even if the Keiths can prove by virtue of expert testimony that the unpermitted driveway was unsafe, they still must prove causation of the accident. "To prevail on a negligence per se claim, a *causal relation* between the violation of the statutory duty and the injuries sustained thereby must be shown. [Cit.]" (Emphasis supplied.) *Walter v. Orkin Exterminating Co.*, 192 Ga. App. 621, 624 (3) (385 SE2d 725) (1989).

Moreover, we are not holding that all unpermitted driveways are per se unsafe or that every unpermitted driveway is inevitably unsafe. In this case, there is evidence that a permit would not have been issued because the location of this driveway would violate certain safety standards and be unsafe. Under the particular facts herein, we believe a jury should make the determination as to whether this particular driveway was unsafe and whether there was a causal relationship between the violation of the permit requirement and Keith's injuries. Liability under these circumstances is a jury question.

2. The Keiths, in the alternative, suggest that a jury could decide Beard negligently created a hazardous condition and failed to ensure sufficient sight distance for motorists attempting to exit safely from Beard's premises or that Beard maintained a dangerous condition adjacent to a highway such that a jury might find Beard's conduct constituted ordinary negligence.

Here, we have a claim against a landowner whose land is immediately adjacent to a public way. Such a landowner may not, without incurring a duty, maintain an artificial condition so situated that persons lawfully using the public highway may, by accident or some force not their own fault, be injured by the artificial condition. We have not found a Georgia case which has applied the artificial condition theory to a driveway, but we believe that, in certain circumstances, it is not unreasonable to do so. It is particularly appropriate here, where Beard was aware of a previous accident at the driveway, was thus

placed on notice of the sight distance problem, and yet took no action to alter it or warn of the dangerous condition. See *Intl. Paper Realty Co. v. Bethune*, 256 Ga. 54 (344 SE2d 228) (1986); *Williams v. Scruggs Co.*, 213 Ga. App. 470, 471 (1) (445 SE2d 287) (1994).[1] Whether Beard's maintaining a commercial driveway so situated constitutes a danger subjecting users of the public highway to risk of injury as an artificial condition is a question for the jury.

Beard contends that regardless of any negligence on his part, Aguirre's negligence in pulling out in front of Keith was an intervening act of negligence and the sole proximate cause of the accident. A jury could find, however, that Beard and Aguirre were joint tortfeasors, each responsible for different acts of negligence. We reject Beard's argument that the intervening negligence of Aguirre necessarily breaks the causal chain, thus eliminating any act or omission of Beard as the proximate cause of Keith's injuries. Where separate and distinct but concurrent acts or omissions of negligence of different parties are the proximate cause of one's injuries, compensation for the entire loss may be recovered from either or both of the responsible parties. *Allison v. Patel*, 211 Ga. App. 376, 379 (438 SE2d 920) (1993). As we have previously noted, proximate cause is generally an issue for the jury, and there may be more than one proximate cause of an injury. *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 158 (1) (B) (256 SE2d 916) (1979).

Beard's argument based on questions of superior or equal knowledge involves premises liability theory, and the two cases he cites in support of his argument are both premises liability cases. The obvious question is whether this principle peculiar to premises liability law even applies since the accident occurred off Beard's property and there was no proprietor/invitee or licensee relationship between Beard and Keith. We hold this principle does not apply to this fact situation.

Even if this principle from premises liability law did apply, the facts do not support Beard's argument. Beard relies on *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 242 (1) (390 SE2d 248) (1990) where the intersection at issue did not involve a public road and no breach of a landowner's duty was alleged. Nor did the case involve statutory regulations of public roads. In *O'Steen*, we recognized that a knowledgeable plaintiff cannot recover damages if by ordinary care he

---

[1] See also Restatement of the Law Second, Torts, § 368. See Harper, James & Gray, The Law of Torts (2d ed.), § 27.4 Conditions of the premises: Conditions near highway: cases cited show duty of occupier of land to prevent artificial conditions on his land from being unreasonably dangerous to highway travelers; and § 28.10 for rule that if an abutting landowner creates a condition unreasonably dangerous to highway travel, his liability to the traveler is not diminished by his tenant's intervening negligent failure to remedy the condition.

could have avoided the consequences of the defendant's negligence. "The superior/equal knowledge rule presumes the plaintiff, knowing of the danger, could have avoided the consequences of defendant's negligence with the exercise of ordinary care." (Citations and punctuation omitted.) Id. at 242.

In *O'Steen*, the defendant presented evidence that O'Steen had passed through the intersection in question more than 5,000 times and accordingly should have had equal knowledge of the purported hazard at the intersection. Id. at 240. The evidence showed that although O'Steen's view at the intersection was totally obstructed by a parked tractor-trailer, she did not stop and proceeded without checking for traffic. Importantly, the exact nature of the danger was both known to O'Steen and recognized by her.

In this case, Keith testified he had no time to react to the danger because the accident occurred nearly immediately as he crested the hill near the unpermitted driveway, and Keith also testified he had no prior knowledge of any other accident at this location. Although the accident site was on Keith's normal route to work, he testified he had never seen a vehicle pull out suddenly from that location and he had never experienced any near-accidents at that location. If the jury determines that Keith had equal knowledge or should have had equal knowledge of the danger and that through the use of ordinary care Keith could have avoided the danger at the intersection, then Keith's recovery would be barred. Accordingly, a factual dispute remains regarding whether Keith had equal knowledge of the hazardous condition.

Beard relies on another premises liability case *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113 (321 SE2d 830) (1984) to argue that the driveway was a static condition. However, *Hadaway* is also factually distinguishable. In *Hadaway*, the danger of tripping over uneven pavement was readily apparent. Whereas, here, the danger of the driveway was not apparent because of the limited sight distance due to the location of the driveway. The static condition at issue in *Hadaway* was an expansion crack in a sidewalk that was visible upon inspection and in plain view to pedestrians. Id. at 114. In fact, Hadaway admitted she could have seen the depression in the concrete if she had merely looked down. Id. Here, the access driveway was not in plain view, and there is evidence in the record that it could not be seen as vehicles crested the hill approaching it. Furthermore, even if the driveway is a static condition, the existence of cars using the driveway is subject to constant change. For these reasons, we find Beard's reliance on *Hadaway* is misplaced, even assuming arguendo that premises liability analysis is appropriate.

Beard argues that because Keith regularly drove the route and was familiar with the location of the driveway, he should have antici-

pated the possibility of danger and should have reduced his speed or exercised extreme caution when he crested the hill approaching the driveway. Questions of whether Keith was contributorily negligent in failing to brake or in failing to keep a proper lookout for danger or whether Aguirre was negligent in pulling out onto State Route 14 in front of Keith are likewise issues for jury determination. We have consistently held questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury and a court should not decide them except in plain and indisputable cases. *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984). Therefore, whether and to what extent Keith's actions contributed to the accident is an issue for the jury.

3. Finally, we reach the Keiths' claims for punitive damages. In support of their claim for punitive damages, the Keiths submitted evidence that despite receiving notice from an earlier lawsuit regarding the alleged dangerousness of the driveway, Beard took no action until after Keith's accident and then acted only when the DOT threatened to barricade the driveway and bill Beard for the costs. The Keiths also presented evidence that from 1984 to 1990, more than 20 other accidents occurred at or near the intersection at issue, with no corrective action by Beard in response. However, the record does not indicate whether Beard had notice of the more than 20 other accidents which occurred at or near the subject intersection.

Whether a defendant's actions are wilful, wanton, or evince an entire want of care as to authorize punitive damages by clear and convincing evidence under OCGA § 51-12-5.1 (b) is normally an issue for consideration by a jury. *Hudgins & Co. v. J & M Tank Lines*, 215 Ga. App. 308, 310 (450 SE2d 221) (1994); *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 828 (435 SE2d 54) (1993). However, in this case, the record contains insufficient evidence to justify sending the punitive damage issue to a jury. For this reason, we affirm the grant of summary judgment to Beard as to the Keiths' claim to punitive damages.

4. In light of our holdings in Divisions 1 and 2, we need not reach the remaining enumeration of error.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., concurs. Smith, J., concurs in judgment only.*

DECIDED NOVEMBER 29, 1995.

*Kirby & Roberts, L. Jack Kirby*, for appellants.
*Freeman & Hawkins, Warner S. Fox, Sharon L. Ware & Associ-*

*ates, Kathryn A. Thurman,* for appellees.