A96A1012. POWLEY et al. v. PRECISION PLUMBING COMPANY et al.

(476 SE2d 777)

Judge Harold R. Banke.

Jean F. Powley and William E. Powley, the parents of a minor, Mark Powley (collectively "Powley"), brought a personal injury action against Precision Plumbing Company ("Precision") and its employee Richard Mixon to recover for damages allegedly sustained when

Mark Powley collided with a piece of galvanized pipe protruding from the bed of Precision's truck. Asserting four errors, Powley appeals the grant of summary judgment in favor of Precision and Mixon.

To prevail at summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows. At about dusk, Mark Powley, age 11, was throwing a frisbee with Mixon's son and some friends on a public street in front of Mixon's residence. As Mark Powley attempted to catch the frisbee, he slipped on some sand, fell, and impaled his face on a length of pipe which protruded beyond the rear bumper of a truck parked by Mixon, an employee of Precision.

Powley alleged that Mixon negligently and illegally parked Precision's truck partly on the street pavement and partly on the shoulder, and that Mixon had negligently left the galvanized pipe jutting out past the rear edge of the truck. Mark Powley testified that the pipe protruded two feet beyond the tailgate and that he never saw anything sticking out from the bed of the truck or over the tailgate prior to falling into the pipe.

The trial court granted summary judgment finding that the pipe did not project far enough beyond the truck bed to require a flag or any sort of marking device. It further concluded that Powley was, at most, a licensee on Mixon's premises, that Mixon's liability was limited to only wilful or wanton injury under OCGA § 51-3-2 (b), and that Powley had equal or superior knowledge of the presence of the truck. The court also determined that there was no evidence of a causal connection between the allegedly improper location of the truck and Powley's injuries. *Held*:

1. The trial court erred when it concluded that even if Mixon's actions constituted negligence, there was no causal connection between the allegedly improper location of the truck and Powley's injuries. See *Jones v. Campbell*, 198 Ga. App. 83, 85 (2) (400 SE2d 364) (1990). In this case, Powley's evidence, if proven at trial, could show a causal connection between Mixon's acts and omissions and Mark Powley's injuries: 1) Mixon's failure to utilize the truck's elevated storage racks; 2) Mixon's failure to safely position the pipe within the confines of the truck and allowing it to jut dangerously out past the tailgate; 3) Mixon's failure to display a warning flag on the pipe if it, in fact, extended four feet or more past the truck bed (OCGA § 40-8-27); and 4) Mixon's failure to move the truck completely off the street into his yard or driveway. Also at issue is whether the protruding plumbing pipe became a dangerous instrumentality when Mixon parked the truck on a residential street where

children often played.

Precision's reliance upon *Jones*, supra, is misplaced because in that case Jones failed to show any act or omission by Campbell that could have caused the defect at issue — a suddenly appearing sinkhole arising next to an eroding stream embankment. *Jones*, 198 Ga. App. at 85-86. "Ordinarily proximate cause is not appropriate for summary adjudication. *North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346) (1981)." *Jones*, 198 Ga. App. at 86. Questions of negligence, diligence, and contributory negligence are reserved for jury determination except in plain and indisputable cases. *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 295 (322 SE2d 737) (1984). This is not such a case.

2. The trial court erred by relying exclusively on premises liability theory because it is disputed whether the incident at issue occurred on a public street or in Mixon's front yard. The threshold question is whether premises liability law even applies if the incident occurred off Mixon's property and no owner/invitee or licensee relationship existed between Mixon and Powley. See *Keith v. Beard*, 219 Ga. App. 190, 192 (2) (464 SE2d 633) (1995) (physical precedent only, Court of Appeals Rule 33 (a)).

In the event that premises liability analysis is inapplicable then Mixon owed Powley a duty of "ordinary care" or reasonable care under the circumstances. OCGA § 51-1-2. Whether Mixon's conduct met the standard of the reasonable person is a jury question. *Charter Bldrs. v. Sims Crane Svc.*, 150 Ga. App. 100, 102 (256 SE2d 678) (1979). See also, e.g., *Shannon v. Walt Disney Productions*, 156 Ga. App. 545 (275 SE2d 121) (1980).

3. The trial court erred in characterizing Mark Powley as a licensee because Powley's evidence created a disputed issue of material fact whether the collision occurred on or off Mixon's premises. See Division 2.

4. Even if Mark Powley was a licensee, summary judgment was improper. The trial court incorrectly determined that Mark Powley had equal or superior knowledge of the danger. "The superior/equal knowledge rule presumes the plaintiff, knowing of the danger, could have avoided the consequences of defendant's negligence with the exercise of ordinary care." (Citation and punctuation omitted.) *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 242 (1) (390 SE2d 248) (1990). In *O'Steen*, a static condition case, we determined that O'Steen could not recover because she had equal knowledge of the allegedly dangerous intersection because she had passed through it more than 5,000 times over a six-year period. Id. at 240. In this case, Precision failed to show that Mark Powley had equal knowledge of the danger. Although it is undisputed that Mark Powley was aware of the presence of the parked truck, it is also undisputed that he never

observed the truck's contents, it was dusk, and he was unable to see anything extending beyond the body of the pickup. Moreover, Mark Powley also testified that the truck was not parked where it was normally parked. The fact that Mark Powley had previously observed plumbing fixtures and pipes located on the truck in question does not negate his testimony that on this night he never saw anything extending beyond the rear of the truck. Compare *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140 (424 SE2d 85) (1992) (static brick retaining wall extending the entire length of an open field was open, obvious, and in plain view of child running to retrieve ball). No evidence was presented that prior to his fall, Mark Powley knew of and appreciated the possible danger posed by the pipe. Compare *Riley v. Brasunas*, 210 Ga. App. 865, 867 (1) (438 SE2d 113) (1993) (child social guest who knew of possible danger of falling from chin-up bar could not recover for fall); *Evans v. Parker*, 172 Ga. App. 416 (1) (323 SE2d 276) (1984) (social guest could not recover for slip on ice in driveway, absent showing wilful and wanton conduct on the part of property owner).

Neither Powley's awareness of the presence of the truck nor awareness of the presence of sand establishes that Powley had knowledge of the danger posed by the protruding pipe. Whether Powley was contributorily negligent in failing to avoid the sand near the truck or by failing to keep a proper lookout for the danger are jury questions. *Begin*, 172 Ga. App. at 295; compare *Glass v. Bell*, 190 Ga. App. 159 (378 SE2d 385) (1989). Because Precision's evidence failed to show that Mark Powley had equal or superior knowledge of the danger of the protruding pipe, and because Precision as movant did not establish that the defective condition was observable to Powley or that he failed to exercise ordinary care in connection with it, summary judgment must be reversed, even assuming that premises liability analysis applies.

*Judgment reversed. Blackburn, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the reversal of summary judgment for defendants but not in all that is written with respect to the facts which are not disputed and the applicable law.

First as to the facts about which there is no genuine dispute, the parties do not dispute where the truck was parked. Both sides discuss it as in the driveway with its rear at the street. The two photos correspond to the deposition testimony. The photo taken June 22, 1992, five days after the incident, shows an in-driveway location. Mark Powley said it reflects the truck's position at the time of the accident. The factual "dispute" between the parties concerns charac-

terization of the evidence, such as whether the pipe jutted out "a few inches" or "two feet" beyond the yard out over the pavement.

The street does not have curbs or sidewalks and just meets the yards of the adjoining residences in an irregular fashion. Along the edges there is sand or dirt, which Mark knew would cause him to fall if he ran in it. He said at his deposition: "[Y]ou knew enough to get away from the sand; otherwise you'd fall." The sand covered the area where the pipes protruded.

Mark saw the truck and had seen plumbing fixtures and pipes sticking out of the back of it on other occasions before this one. On this evening he was aware of the truck and of objects in its bed but did not know what they were because of shadows.

The truck was to Mark's left as he stood in the middle of the street, and he slid on the sand as he was running, trying to catch the thrown frisbee. He testified at deposition that "whenever I'd got towards the truck I knew that I'd have to back away because of the sand. But once I started to, the sand made me slip." He could not stop and instead fell and hit his face on the pipe which extended beyond the others in the bundle it was part of.

With respect to the law, premises liability law as presented by plaintiffs and as used in the trial court's analysis is inapplicable because Mark was not injured on Mixon's premises but on the public street. The case is governed instead by the liability of a landowner whose land is immediately adjacent to a public way. "Such a landowner may not, without incurring a duty, maintain an artificial condition so situated that persons lawfully using the public way may, by accident or some force not their own fault, fall upon and be injured by the artificial condition. [Cits.]" *Intl. Paper Realty Co. v. Bethune*, 256 Ga. 54, 55 (344 SE2d 228) (1986). See also *McKinney & Co. v. Lawson*, 180 Ga. App. 550, 551 (1) (349 SE2d 763) (1986) ("[T]he question for decision is whether the landowner negligently maintained its property in such a way as to render it liable to a person who, like plaintiff, is injured as a result thereof when he is rightfully at or near the property on a public street, sidewalk, or highway.")

As in *McKinney*, defendants seek to avoid liability by focusing on the injured party. See OCGA § 51-11-7. They contend that his injuries were caused by a lack of due care for his own safety. But given plaintiff's age, degree of knowledge, and all the undisputed circumstances developed thus far, defendants have not established that as a matter of law his negligence, if any, totally precludes recovery. "Questions necessitating a decision as to whether a given state of facts shows that lack of ordinary care for one's own safety which will bar recovery [including assumption of risk] or only that comparative negligence which will reduce it are generally for the jury." *Stukes v. Trowell*, 119 Ga. App. 651 (168 SE2d 616) (1969). " 'Not what actually

happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness.' [Cit.]" *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 238 (227 SE2d 336) (1976).

Summary judgment as provided in OCGA § 9-11-56 (c) is not authorized.

DECIDED SEPTEMBER 23, 1996.

*Julian A. Mack*, for appellants.
*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner, Gregory T. Carter*, for appellees.