A98A0234. SPIRES v. HALL.
(496 SE2d 501)

Judge Harold R. Banke.

James W. Spires sued C. L. Hall, Jr. and Dodge County to recover for injuries sustained in a four-wheeler accident. Dodge County

("County") successfully asserted a sovereign immunity defense. Spires appeals the verdict directed in favor of Hall.

This case arose after Spires collided with a gate positioned across a portion of dirt road while he was operating his four-wheel all terrain vehicle. Spires claimed that Hall had illegally placed this gate across a public road belonging to and maintained by the County. It is undisputed that the site of the wreck had at some point been a County road. According to the trial evidence, in the early 1980s, the adjoining landowners entered into a verbal agreement with the former sole County Commissioner. According to Hall, he and another landowner gave the County an easement in exchange for an agreement to close off certain roads the County no longer needed. Relying on that agreement, about ten years before Spires' wreck, Hall had placed a section of pipe across the roadway. The present County Road Superintendent testified that crews customarily stopped their grading work about 50 feet short of the gate and that the County had not maintained this particular site for about 14 years.[1]

Notwithstanding his assertion that the roadway was a public street, at the time of the wreck, Spires' vehicle was not "street legal," had no license tag, no speedometer, nor was he wearing a helmet, Spires conceded that he knew about the presence of the gate, and, in fact, had gone through this very gate on at least three or four prior occasions a few years earlier while a member of a hunting club that leased some adjacent land. Spires also admitted that he knew that this gate restricted access to the adjacent hunting land and that the hunting club had installed a cable in response to the unwanted entry by non-members onto the leased land.

At the time of his mishap, the daylight was bright with clear visibility, and there was no fog or smoke. Although Spires was no longer a member of the hunting club, he was intending to go onto the leased land "to see some friends that were out there." According to Spires, he was driving at an estimated 30 to 40 mph and saw the gate when he was only 17 or 18 feet away. Despite braking, he was unable to stop in time. *Held*:

1. Spires contends that the trial court erred in directing a verdict based on its conclusion that the County abandoned the road. He asserts that because the transfer of ownership from the County was not conducted in full compliance with the requirements of OCGA § 32-7-2 (b) (1), the County still owned the portion of roadway at issue, thus making Hall's placement of the gate illegal.

Pretermitting any consideration of the issue of ownership or

---

[1] As a courtesy to Hall and so that Georgia Power Company could service a substation, the County did periodically perform maintenance on the road.

abandonment, we cannot agree that this case turns on whether this section of roadway was public or private. Rather, the undisputed evidence shows that the purported hazard was open and obvious and that Spires knew the gate was there and knew that it restricted access to the adjacent hunting land, his destination. Spires admitted that there was nothing to obstruct or interfere with his ability to see the obstruction. See *McCrary v. Bruno's, Inc.*, 219 Ga. App. 206, 209 (464 SE2d 645) (1995).

Where a person, as here, has successfully negotiated an allegedly dangerous condition on previous occasions, that person is presumed to have knowledge of it and cannot recover for a subsequent injury therefrom. *Wiley v. Family Dollar Store &c.*, 208 Ga. App. 461, 462 (430 SE2d 839) (1993). See *Rose v. Kennesaw House*, 203 Ga. App. 648, 649 (417 SE2d 379) (1992); *Rossano v. Am. Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). Here, the evidence that Spires knew about the long-existing gate bolsters that presumption. As in *Glass v. Bell*, 190 Ga. App. 159, 161 (378 SE2d 385) (1989), we cannot escape the fact that Spires unquestionably knew about the obstruction and that this knowledge foreclosed his recovery as a matter of law. See id. Accordingly, the directed verdict was appropriate. See *Griffin v. Kangaroo, Inc.*, 208 Ga. App. 190, 191 (1) (430 SE2d 82) (1993).

2. In light of the above holding, we need not reach Spires' remaining enumerations of error which challenge the validity of the agreement permitting the property transfer and the reasonableness of Hall's reliance upon a verbal understanding to close the road.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 27, 1998.

*Solomon & Edgar, William J. Edgar*, for appellant.
*John T. Croley, Jr.*, for appellee.