## 74739. LEONARD v. BLESER et al.
(362 SE2d 68)

BANKE, Presiding Judge.

This is an appeal by the defendant from an order granting partial summary judgment to the plaintiffs in a personal injury action. On April 19, 1985, while driving along Chamblee-Dunwoody Road, the defendant, Leonard, struck Bleser while Bleser was jogging. Bleser and his wife brought this personal injury action against Leonard and moved for partial summary judgment on the issue of liability. In granting the motion, the trial court concluded from the evidence of

record that this was one of those "rare instances" in which the issue of negligence could be determined as a matter of law. *Held*:

In ruling on a summary judgment motion, the trial court must give the respondent the benefit of all favorable inferences which may reasonably be drawn from the evidence. *Myers v. Barnard*, 180 Ga. App. 192 (348 SE2d 733) (1986). Although negligence cases are rarely subject to final adjudication by motion for summary judgment, nevertheless, in cases where the existence or non-existence of liability is plain, palpable, and indisputable, summary judgment may be awarded. *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336) (1976).

It is undisputed that Leonard ran her vehicle off the road and struck Bleser while she (Leonard) and a passenger in her vehicle were fumbling for a pack of cigarettes and consequently had their eyes diverted from the road. An eyewitness to the accident observed the car veer off the road, strike Bleser, and come to rest in a thicket. Contrary to Leonard's assertion, there is no evidence of record which suggests that the accident was the proximate result of anything other than her negligence.

Since no issues of fact remain as to the defendant's liability, it necessarily follows that the trial court did not err in granting the plaintiffs' motion for partial summary judgment.

*Judgment affirmed. Carley and Benham, JJ., concur.*

## On Motion for Rehearing.

On motion for rehearing, the appellants continue to argue that a material factual dispute is created by the existence of circumstantial evidence from which it could be inferred that the plaintiff was in the road when Leonard hit him. The circumstantial evidence referred to consists of testimony that there were branches protruding at least to the edge of, if not into, the roadway, combined with the defendant's own recollection that she felt a "thump" immediately before the scraping of branches against the side of her car. The defendant further contends that the testimony of the eyewitness to the effect that the plaintiff was not on the roadway when he was hit is inherently unreliable due to "apparent bias and sympathy" which the witness demonstrated towards the plaintiff by rendering first aid to him at the scene and by subsequently calling the hospital to ask about his condition.

"In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference dis-

appears, and does not create a conflict in the evidence so as to require its submission to a jury." *Backus v. Ray Jones, Inc.*, 150 Ga. App. 753, 756 (258 SE2d 693) (1979). The fact that the eyewitness had demonstrated concern for the injured plaintiff's condition quite obviously establishes no basis upon which his testimony could be disregarded.

DECIDED SEPTEMBER 10, 1987 —
REHEARING DENIED OCTOBER 21, 1987 — 

*E. J. Van Gerpen, Sonja K. Payne, Kenneth L. Shigley*, for appellant.
*F. Carlton King, Jr.*, for appellees.