## 75524. ORKIN EXTERMINATING COMPANY, INC. v. DAWN FOOD PRODUCTS.
### (366 SE2d 792)

SOGNIER, Judge.

Belinda Thomas and her husband brought suit against William Anderson and his employer, Orkin Exterminating Company (Orkin), seeking damages for injuries incurred when Belinda Thomas, while at her place of employment, fell into hot oil which had spilled from a portable doughnut fryer dislodged by Anderson, who was in the process of performing his pest control duties at Thomas' work place. Orkin and Anderson filed a third party complaint against Dawn Food Products t/a Dawn Equipment Manufacturing Company, the manufacturer of the portable doughnut fryer. In Count I of the third-party complaint, Orkin and Anderson alleged Dawn Food was negligent in the design, testing and manufacture of the doughnut fryer. In Count II, it was contended Dawn Food was strictly liable to Anderson for the defective nature of the fryer. The trial court granted summary judgment in favor of Dawn Food as to the third-party complaint and Orkin appeals.

1. In its first enumeration, appellant asserts as error the trial court's ruling in favor of appellee on the issue of strict liability. However, since Anderson, the sole third-party plaintiff alleging the theory of strict liability, is not a party to this appeal, this enumeration is not properly before us. See *Smith v. Gwinnett County*, 182 Ga. App. 875 (357 SE2d 316) (1987); *Cooper Motor Lines v. B. C. Truck Lines*, 215 Ga. 195 (1) (109 SE2d 689) (1959). Further, we note that OCGA § 51-1-11 (b) (1) holds a manufacturer liable only as "to any natural person" using the product. See also *Mike Bajalia, Inc. v. Amos &c. Co.*, 142 Ga. App. 225, 227 (235 SE2d 664) (1977).

2. In its second enumeration, appellant contends the trial court erroneously failed to consider evidence regarding subsequent remedial measures taken to prevent the doughnut fryer from again being dislodged. Appellant's extensive research into the admissibility in product liability cases of evidence of subsequent remedial measures throughout the United States is unavailing under our holding in Division 1. And, as appellant itself notes, evidence of subsequent remedial measures is inadmissible to prove negligence. *Brooks v. Cellin Mfg. Co.*, 251 Ga. 395, 396-397 (306 SE2d 657) (1983). Thus, no error is presented by this enumeration.

3. Appellant contends the trial court erred by granting summary judgment in favor of appellee on Count I of its third-party complaint, alleging appellee was negligent in the design, testing and manufacture of the portable doughnut fryer. Appellant asserts that because the evidence conflicted over the ease with which the doughnut fryer could be moved on the table where it was situated, questions of fact exist

whether appellee was negligent by designing the doughnut fryer without safety features preventing the fryer from being moved, by manufacturing the fryer without those safety features, and by failing to test the fryer so as to reveal its defective condition.

"In the subject product-design case, only semantics distinguishes the cause of action for negligence and a cause of action pursuant to OCGA § 51-1-11." *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844, 848 (3) (321 SE2d 353) (1984). Thus, in dealing with appellant's allegations of negligence, we will be guided, as was this court in *Poppell v. Waters*, 126 Ga. App. 385, 387 (1) (190 SE2d 815) (1972), by the principles which have been established generally in product liability cases. Thus, " ' "[i]f a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof . . . (H)e is under no duty to guard against injury from a patent peril or from a source manifestly dangerous." ' [Cits.]" Id. at 387-388 (1). See also *Stodghill v. Fiat-Allis Constr. Machinery*, 163 Ga. App. 811, 813-814 (295 SE2d 183) (1982). " ' "A manufacturer or a seller does not have the status of an insurer as respects products design. Since it is patent that virtually any article, of whatever type or design, is capable of producing injury when put to particular uses or misuses, a manufacturer has no duty so to design his product as to render it wholly incapable of producing injury. . . ." ' " *Barnes v. Harley-Davidson Motor Co.*, 182 Ga. App. 778, 781 (357 SE2d 127) (1987).

The evidence in the case sub judice reveals that appellant's employee, Anderson, was moving a drying rack adjacent to the table on which the portable doughnut fryer in question here was situated when some part of the fryer became hooked on the drying rack. The force used by Anderson to move the drying rack was sufficient to dislodge the doughnut fryer and pull it across the table where it had been placed for at least three years prior to the accident. Two of the fryer's four legs slid off the table, spilling onto the floor the hot oil in the fryer into which Belinda Thomas fell. The evidence is uncontroverted that in the three years prior to the subject accident, the portable doughnut fryer had functioned properly during its normal use and had neither moved nor been dislodged in any way during that normal use. Further, although questions of fact exist as to the amount of pressure necessary to dislodge the fryer, there is no dispute in the evidence that it was Anderson's action in somehow hooking the doughnut fryer onto the adjacent drying rack, thus pulling the fryer out along with the drying rack, that caused the doughnut fryer to

slide off the table and to spill its contents onto the floor.

In *Greenway v. Peabody Intl. Corp.*, 163 Ga. App. 698 (294 SE2d 541) (1982), a negligent design case, this court stated the two fundamental rules relating to the manufacturer's duty in designing a product: " '[F]irst, the duty is one of reasonable care, under the circumstances; second, neither a manufacturer nor a seller is an insurer that his product is, from a design viewpoint, incapable of producing injury.' " Id. at 699 (1). "Thus, if the product is designed so that it is reasonably safe for the use intended, the product is not defective even though capable of producing injury where the injury results from an obvious or patent peril. [Cits.] Stated otherwise, if the product functions properly for the use intended, if the injury results from no malfunction due to design of any portion of the product, and if the danger attendant to the use of the product is obvious or patent, then the product is not defective as a matter of law. While in many cases the defense based upon the obvious and common nature of the peril will be a question to be determined by the jury, a manufacturer is entitled to judgment as a matter of law in plain and palpable cases. [Cits.]" *Coast Catamaran Corp.*, supra at 847-848.

We agree with the trial court that the record is devoid of evidence indicating that the doughnut fryer was not reasonably suited to the purpose for which it was designed, i.e., frying doughnuts. We further agree with the trial court that the absence of features turning a *portable* doughnut fryer into an *immovable* doughnut fryer and the danger of dislodging the fryer so that its contents could spill out were obvious and patent. Thus, we find the facts in this case similar to those in *Greenway, Stodghill, Poppell*, supra, and *Hunt v. Harley-Davidson Motor Co.*, 147 Ga. App. 44 (248 SE2d 15) (1978), in that the product was alleged to be defective due to the absence of a tangible piece of safety equipment readily apparent to the consumer. Accordingly, the trial court did not err by finding that the doughnut fryer manufactured by appellee functioned properly for its intended use and was not defective as a matter of law, since the danger attendant to its use was patent and Belinda Thomas' injuries did not result from any malfunction due to the design of any portion of the product. We need not address whether appellant sufficiently raised a claim for negligent failure to warn before the trial court since, regardless, it is well established that "[t]here is no duty on the manufacturer or seller to warn of obvious common dangers connected with the use of a product. [Cit.]" *Vance v. Miller-Taylor Shoe Co.*, 147 Ga. App. 812, 813 (2) (251 SE2d 52) (1978). Accordingly, the trial court's grant of summary judgment in favor of appellee is affirmed.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 22, 1988 —
REHEARING DENIED MARCH 4, 1988 —

*Richard P. Decker, Adrian F. Lanser III, James F. Perz*, for appellant.
*Glenn Frick, Wayne C. Wilson*, for appellee.