A89A1517. SCOGGINS v. APAC-GEORGIA, INC.
(388 SE2d 58)

BIRDSONG, Judge.

Terry William Scoggins (Scoggins) appeals from the grant of summary judgment to APAC-Georgia, Inc. (APAC) on his personal injury claims against APAC arising from a motorcycle accident. Scoggins' sole enumeration of error is that the trial court erred in holding that there was no genuine issue of material fact as to APAC's negligence.

The record shows that Scoggins' complaint alleged that APAC was engaged in construction for widening Interstate 75 near the Lakewood Freeway intersection, that APAC had heavy equipment that caused a dangerous condition to exist on the freeway exit ramp, that APAC failed to post notices warning motorists of the dangerous condition, and that Scoggins was injured as a result of losing control of his motorcycle when he drove over the dangerous condition APAC created.

APAC answered, denying liability, and then moved for summary judgment based upon affidavits and Scoggins' deposition and discovery responses. The matters submitted in support of the motion established that APAC had not performed any work on the Lakewood Freeway exit ramp, had no knowledge of the alleged dangerous conditions on the roadway, was not responsible for any dangerous conditions on the ramp, and did not cause the accident in which Scoggins was injured.

Scoggins responded to the motion by asserting that APAC had been working in the area with heavy equipment and that some construction equipment had crossed the curb. He did not, however, come forward with any evidence showing that APAC had caused any of the

conditions of which Scoggins complained, and did not show that APAC was responsible for causing the dangerous conditions on the exit ramp.

Based upon the record established, the trial court granted summary judgment to APAC. The order granting summary judgment stated that while there might have been a question of fact concerning any accumulation of debris on the roadway, no question of fact existed about APAC's negligence or about the causation of the debris. The trial court found there was no evidence that APAC was negligent, or that APAC did anything to cause or contribute to the accumulation of the debris or to the accident itself. The court also found that there was no evidence of a causal connection between APAC's conduct and Scoggins' injuries. *Held:*

APAC, as a defendant moving for summary judgment, had the burden of establishing that there were no issues of material fact and that it was entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Its burden was to pierce Scoggins' pleadings by negating affirmatively at least one of the essential elements of his complaint, *Corbitt v. Harris*, 182 Ga. App. 81 (354 SE2d 637), and to establish as a matter of law that Scoggins could not recover under any theory of recovery fairly drawn from the pleadings and evidence. *Reed v. Adventist Health Systems &c.*, 181 Ga. App. 750, 752 (353 SE2d 523).

Since APAC's motion was based upon the absence of proof that it in any way caused the accident, APAC would be entitled to summary judgment if it demonstrated plainly and palpably that its activities were not the proximate cause of Scoggins' injuries, *Ryder Truck Rental v. Carter*, 189 Ga. App. 43, 44 (374 SE2d 830), and that reasonable minds could not disagree on this point. *North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346). Of course, summary judgment is appropriate when the absence of the defendant's liability is established by plain, palpable, and indisputable evidence, *Leonard v. Bleser*, 184 Ga. App. 600, 601 (362 SE2d 68), and when a defendant is guilty of no negligence, it can be granted summary judgment. *Perry v. Lyons*, 124 Ga. App. 211, 219 (183 SE2d 467).

As the materials submitted in support of APAC's motion pierced Scoggins' pleadings, *Waldrep v. Goodwin*, 230 Ga. 1, 2 (195 SE2d 432), Scoggins was required to set forth specific facts showing there is a genuine issue for trial or summary judgment would be entered against him. *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173). Scoggins' rebuttal, however, was limited to showing that APAC had employees working in the area some "few hundred feet" from the site of his accident on the exit ramp, that some equipment had worn or scarred the roadway, and that he saw "a construction vehicle" spill "fuel and dirt" on the pavement. He produced no evidence that any of APAC's employees worked on the exit ramp,

that APAC's vehicles caused the scarring of the roadway, or that the construction vehicle he saw spill on the roadway was connected to APAC. Instead, Scoggins, in effect, asked the trial court to infer from the evidence he submitted that APAC also worked on the exit ramp, that its vehicles scarred the pavement, and that it was an APAC vehicle he saw spill on the roadway.

In the face of APAC's uncontradicted evidence to the contrary, the evidence submitted by Scoggins was not sufficient to meet his burden. Scoggins was required to produce facts which contradicted APAC's facts, but he produced only circumstantial evidence from which the inconsistent facts could be inferred, but which clearly were not demanded. See generally *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186). Thus, the circumstantial evidence offered by Scoggins had no probative value against the uncontradicted positive evidence that APAC did not work on the exit ramp, did not scar the pavement, and did not spill anything on the exit ramp which caused the accident. *Esco v. Jackson*, 185 Ga. App. 901, 903-904 (366 SE2d 309); *Cohen v. Hartlage*, 179 Ga. App. 847, 850-851 (348 SE2d 331).

In this case there is a complete absence of evidence that APAC caused Scoggins' accident, and thus giving Scoggins the benefit of all reasonable doubt as well as construing the evidence and all inferences and conclusions arising therefrom in his favor, *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 422 (373 SE2d 515), he failed to carry his burden. Accordingly, Scoggins failed to establish that there was a genuine issue of fact for trial and, under the circumstances, the trial court properly granted summary judgment to APAC.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 9, 1989.

*Ronald F. Chalker, Jesse E. Barrow III, Robert A. Falanga*, for appellant.

*Webb & Daniel, Harold T. Daniel, Jr., Marcia D. Ernst*, for appellee.