A90A1231. DERRY v. CLEMENTS.
(397 SE2d 594)

Beasley, Judge.

Margaret Derry alleged that Minnie Clements, her two sons Michael and Joseph, and All Coast Land Development Company, Inc., conspired to defraud her in the sale of a condominium. Some of the alleged fraudulent representations made to Derry concerned the quality and construction of the condominium. Plaintiff also averred that she required a moisture-free environment and was assured of that by Joseph Clements, but that water problems plagued the condominium. Summary judgment was granted to Minnie Clements, who was dismissed as a party defendant. This appeal followed.

Minnie Clements signed the condominium sales contract between Derry and All Coast as president of All Coast. Clements' affidavit denied that she was an officer, stockholder or employee of All Coast. She stated she had no authority to represent the corporation or to bind its interests; that she made no written or oral representations concerning the condition or construction of the condominium purchased by Derry; that she owned no interest in the condominium nor received any benefit from its sale. She explained that she signed the sales contract at the sole behest of the real estate broker, whom she expressly informed regarding her lack of authority to sign on behalf of the seller, and that the contract was executed without a corporate seal. Clements also affirmed that she was unaware of Derry's alleged need to live in a moisture-free environment and that she was and never had been a professional builder and was never part of any design or scheme to obtain money or funds from Derry. Derry introduced no proof to contradict Clements' affidavit and relied upon her allegations of a conspiracy to defraud.

As movant, defendant must unequivocally refute plaintiff's allegations and conclusively negate one or more essential elements of plaintiff's case. *Scott v. Owens-Illinois*, 173 Ga. App. 19, 20 (325 SE2d 402) (1984). Clements' statement denying her participation in any scheme was direct evidence which could constitute an uncontradicted fact capable of sustaining a motion for summary judgment. *Guernsey Petroleum Corp. v. Data General Corp.*, 183 Ga. App. 790, 792 (2a) (359 SE2d 920) (1987). Because Clements denied the essen-

tial allegations of the complaint and submitted evidence that she was not part of a conspiracy to defraud Derry, she carried her burden of showing there was no genuine issue of material fact. The burden was then on respondent not to rest upon the allegations of the pleadings, but to set forth specific facts showing there was a genuine issue for trial. *Meade v. Heimanson*, 239 Ga. 177, 178 (236 SE2d 357) (1977).

Remaining is whether Clements' execution of the sales contract as president of All Coast is sufficient to raise a jury question as to her involvement in the alleged conspiracy. The signing of the document does not directly establish Derry's allegations and is at most circumstantial evidence from which the fact may be inferred. OCGA § 24-1-1 (4). As such it must be sufficient to support a verdict in order to withstand a motion for summary judgment. *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 780 (257 SE2d 186) (1979). The plaintiff must offer proof which tends in some proximate degree to establish the conclusion claimed; "the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions." *Georgia R. & Elec. Co. v. Harris*, 1 Ga. App. 714, 717 (1) (57 SE 1076) (1907). Accord *Guernsey Petroleum Corp.*, supra at 792 (2a).

The signing raises a suspicion as to defendant's conspiracy involvement, but it is also susceptible to the conclusion that she was influenced into signing despite her protestations and against her better judgment. In those circumstances her actions would have had nothing to do with the alleged scheme to defraud plaintiff.

"[A]n inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." *Cohen v. Hartladge*, 179 Ga. App. 847, 851 (348 SE2d 331) (1986). "[A] finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." *Dougherty County Farm Bureau v. Hinman*, 184 Ga. App. 244, 245 (361 SE2d 236) (1987). Weighed against direct evidence that defendant was not involved in any scheme, the evidence that she executed the sales contract would raise an inconclusive inference which would not withstand summary judgment. *Allen Kane's Major Dodge*, supra at 781; *Scoggins v. APAC-Ga.*, 193 Ga. App. 465, 467 (388 SE2d 58) (1989); *Brewer v. Southeastern Fid. Ins. Co.*, 147 Ga. App. 562, 564 (249 SE2d 668) (1978).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 20, 1990 —
REHEARING DENIED OCTOBER 5, 1990.

*Charles E. Lamkin*, for appellant.

*Lee & MacMillan, S. Wesley Woolf, Thomas J. Lee*, for appellee.