## A93A0789. BUTLER v. HUCKABEE.
### (434 SE2d 576)

ANDREWS, Judge.

Butler, plaintiff below, appeals the trial court's grant of summary judgment to defendant Huckabee in her negligence suit for damages arising from an automobile accident involving their two vehicles.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). So viewed, the evidence was that around 7:00 a.m. on February 5, 1990, Butler was proceeding east on Covington Highway in her Prelude on her way to a car dealer to pick up her brother, Canada. The five-lane highway included a center left-turn lane and the posted speed limit was 45 mph. Huckabee was proceeding west in his Ford pickup on his way to his place of employment. He was in the left or inside lane, adjacent to the turn lane.

Butler had pulled into the center turn lane and stopped. Moore, also going to the car dealer, pulled up behind her and stopped. The sun was rising and it was clear and dry. Moore provided affidavits to both Butler and Huckabee. In the Huckabee one, Moore stated that "[p]rior to the collision I saw a Ford truck travelling westbound on Covington Highway in the left-most lane of westbound traffic. . . . At the time of the collision and prior to it, there was nothing obstructing my view of oncoming traffic in the westbound lanes of Covington Highway, and I could clearly see the Ford truck approaching in the left-most lane of westbound traffic on Covington Highway. . . . The driver of the Ford truck did not have enough time to stop his vehicle prior to colliding with the Honda Prelude." In the Butler one, Moore stated "[a]s the Honda Prelude began its left turn, I saw the Ford truck approaching. The collision occurred so suddenly, I do not know which of the following two (2) events first happened: (a) The Honda Prelude begins its turn and then I saw the Ford truck or; (b) the Ford truck approaching and then the Honda Prelude begin its turn. *Although I recall seeing the Ford truck prior to the actual impact, I do not recall whether or not I saw the truck prior to the Honda Prelude commencing its turn.*" (Emphasis supplied.)

Even giving all inferences to Butler, Moore's testimony showed that he saw the truck before the impact and there was no obstruction

which would have precluded Butler's seeing it. Further, there was no time for Huckabee to stop before impact.

Photos taken immediately after the crash by Canada show that the Ford pickup had its parking lights on. Butler contends that the truck's headlights were not on before the crash, but she does not address the parking lights. The front of the truck was heavily damaged and the headlights do not appear to be on in the photos and we assume they were not.

The only admissible evidence of the speed of the truck was Huckabee's statement that he was proceeding at 43 mph, within the speed limit. Several feet of straight skid marks were observed behind Huckabee's truck before the point of impact in his lane.

2. In opposition to the motion for summary judgment, Butler submitted her own affidavit and acknowledged that she had no memory of the impact. The affidavit states that, "in [her] opinion," the reason she did not see Huckabee was that he was driving without his headlights. She acknowledged that, since she did not see him, she could not determine whether he was speeding. In her deposition, she also acknowledged she could not say if excessive speed was involved, but "he must have been going awful fast for me not to see him coming." Huckabee filed a motion to strike her affidavit, because it contained no facts, only inferences and opinion.

" '(A)n inference cannot be based on evidence which is too uncertain or speculative or which raises merely a conjecture or possibility.' [Cit.] '(A) finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.' [Cit.]" *Derry v. Clements*, 197 Ga. App. 173, 174 (397 SE2d 594) (1990); *Leonard v. Bleser*, 184 Ga. App. 600, 601 (362 SE2d 68) (1987). Therefore, there is no evidence that Huckabee was speeding at the time of the accident.[1]

3. Huckabee would be entitled to summary judgment if he demonstrated plainly and palpably that his activities were not the proximate cause of the accident and that reasonable minds could not disagree on that point. *Scoggins v. APAC-Georgia*, 193 Ga. App. 465, 466 (388 SE2d 58) (1989). Also, summary judgment is appropriate when the absence of a defendant's liability is established by plain, palpable, and indisputable evidence. Id.

The driver of a vehicle about to cross a roadway, as was Butler, "shall yield the right of way to all vehicles approaching on the road-

---

[1] The fact that the traffic court judge found Butler not guilty beyond a reasonable doubt on the criminal charge of failure to yield based on his conclusion that there was a "question" regarding Huckabee's speed at the time of impact is not binding on the question before us, nor is it entitled to any evidentiary weight.

way to be . . . crossed." OCGA § 40-6-73. There is no evidence, besides the inadmissible conjecture of Butler, that Huckabee was doing anything improper at the time of the crash. Huckabee stated that he saw Butler in the turn lane, but this gave rise to no special duty on his part toward her, since " '[a] driver having the right of way at an intersection [or elsewhere] has the right to assume that others will obey the rule of the road and will yield the right of way to him ((cits.)), and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching. (Cit.)' *Meeks v. Johnson*, 112 Ga. App. 760, 764 (146 SE2d 121) (1965)." *Kicklighter v. Jones*, 202 Ga. App. 654 (415 SE2d 302) (1992).

Since the materials relied upon by Huckabee in support of the motion for summary judgment pierced Butler's pleadings, she was required to set forth specific facts showing there is a genuine issue for trial. This she did not do, beyond asking the trial court to make certain assumptions and impermissible inferences from circumstantial evidence. *Scoggins*, supra at 466-467.

Therefore, the grant of summary judgment to Huckabee was proper. Id.; see *Kicklighter*, supra.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 16, 1993 —
RECONSIDERATION DENIED JULY 29, 1993 — 

*Ronald L. Hilley*, for appellant.

*Federal, Goetz & Cronkright, Charles M. Goetz, Jr., Carter & Ansley, Christopher N. Shuman, Andrea J. Grossman*, for appellee.