A93A1422. BUNCH v. MAYTAG CORPORATION.
A93A1874. BUNCH v. BAUMANN.
A93A1875. BUNCH v. MATHIESON DRIVE APARTMENTS, INC.
(439 SE2d 676)

JOHNSON, Judge.

This negligence and wrongful death action was filed by Sandra Bunch, the mother and administratrix of the estate of Starlyn Elizabeth Pettis. Pettis, a 31-year-old dance instructor, died of smoke inhalation, as a result of a fire in her apartment. It is undisputed that the fatal fire originated in the vicinity of the gas oven in the kitchen. This action was filed against Maytag Corporation, manufacturer of the oven; Mathieson Drive Apartments, Inc., owner of the apartment complex, and Curtis and Christopher Baumann d/b/a Baumann Home Appliance Center, who installed the oven. The trial court granted summary judgment in favor of all defendants.

*Case No. A93A1422*

1. Bunch asserts that the trial court erred in entering summary judgment because there is a genuine issue of material fact regarding

whether Maytag was negligent in the design and construction[1] of the oven.

There are two fundamental rules relating to the manufacturer's duty in designing a product. First, the duty is one of reasonable care, and second, neither a manufacturer nor a seller is an insurer that his product is, from a design viewpoint, incapable of producing injury. If a product is designed so that it is reasonably safe for the use intended, the product is not defective even though capable of producing injury where the injury results from an obvious or patent peril. If the product functions properly for the use intended, if the injury results from no malfunction due to design of any portion of the product, and if the danger attendant to the use of the product is obvious or patent, then the product is not defective as a matter of law. *Orkin Exterminating Co. v. Dawn Food Prods.*, 186 Ga. App. 201, 203 (3) (366 SE2d 792) (1988) citing *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844, 847-848 (321 SE2d 353) (1984).

In order to fulfill the most basic function of heating food, a traditional oven must contain a heating element, which, by its very nature, is capable of producing a dangerous condition. In this case, it is uncontroverted that the oven had been left on. Pettis, who had been out for the evening, was discovered unconscious in her apartment at 4:40 a.m. None of the four experts who were deposed in this case was able to pinpoint the cause of the fire. Roger Landers, the plaintiff's expert, testified in the first of two depositions that there were at least four possible causes of the fire, improper fuse protection, a defective contact or igniter, clock motor failure or a ground fault in the wiring. After conducting additional testing, Landers was deposed a second time. He testified that the results of the additional testing were again inconclusive. Landers refused to say that even *if* the cause of the fire was related to a component in the oven, that it was the result of improper or defective design.

Bunch, therefore, has failed to present any evidence in support of her claim of negligence on the part of Maytag. The often cited *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), sets forth the standard for review of summary judgment: "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its plead-

---

[1] Appellant did not bifurcate her argument because no specific argument relating to negligent construction has been raised or identified by the experts. We deem that portion of the enumeration waived.

ings, but rather must point to specific evidence giving rise to a triable issue." Id. at 491.

The trial court and Maytag correctly rely on another fire case, *Tepper v. Marty's, Inc.*, 139 Ga. App. 140 (228 SE2d 32) (1976), in which it was held that in a civil case, where a plaintiff seeks to carry its burden of proof by inference, that inference must not only tend in some proximate degree to establish the conclusion, but render less probable all inconsistent conclusions. Bunch's own expert has not been able to rule out several possible causes of the fire which are unrelated to the design of the oven. Bunch has failed to establish negligence on the part of Maytag in the design and construction of the oven. No causal connection between the design and/or the construction of the instrumentality and the injuries suffered having been shown, summary judgment in favor of Maytag was correctly entered.

### Case No. A93A1874

2. Bunch asserts that the trial court erred in entering summary judgment in favor of Curtis and Christopher Baumann d/b/a Baumann Home Appliance Center because genuine issues of material fact remain as to whether the Baumanns' actions in installing the oven were the proximate cause of the fire.

The claim against Baumann is premised on the fact that the stove was installed without proper grounding. The oven was equipped with a three-prong power cord with a grounding plug, but the wall outlet could accept only two prongs. While none of the experts in this case was able to definitively establish the cause of the fire, the one fact about which all four experts in the case agree is that the failure to ground the stove would not have caused the fire. Proximate cause is not ordinarily an appropriate matter for summary adjudication. However, "where plaintiffs rely on allegations and assumptions in the face of evidence to the contrary, summary judgment is proper." *Jones v. Campbell*, 198 Ga. App. 83, 86 (2) (400 SE2d 364) (1990). The Baumann defendants have plainly and palpably demonstrated that the installation was not the proximate cause of the fire. See *Scoggins v. APAC-Ga.*, 193 Ga. App. 465, 466 (388 SE2d 58) (1989). The trial court did not err in granting summary judgment to the Baumann defendants.

### Case No. A93A1875

3. Bunch claims that there is a genuine issue of material fact regarding whether Mathieson's actions in installing or maintaining the oven were the proximate cause of the fire which killed Pettis. Bunch's argument focuses only on Mathieson's approval of the installation of the oven without rewiring the outlet or insisting on other grounding.

Bunch has failed to point to anything in the record which would indicate that Mathieson failed to perform any necessary routine maintenance on the oven or which would suggest that such routine maintenance could have exposed a problem which should have been corrected. Further this portion of her enumeration of error is unsupported by argument or citation to authority and therefore we deem it abandoned. Court of Appeals Rule 15 (c) (2).

"In order to recover, a tenant is required to show not only that the landlord breached his statutory duty to keep the premises in repair, but that such breach was the proximate cause of the injury. Absent such cause-effect connection, plaintiff's action would be lacking one essential element." (Citations and punctuation omitted.) *Jones v. Campbell*, supra at 86 (2). In light of our holding in Division 2 above, that there is no evidence which would support a theory that the failure to ground the oven was the proximate cause of the fire, Bunch's claim against Mathieson must also fail.

*Judgments affirmed. In Case Nos. A93A1874 and A93A1875, Pope, C. J., McMurray, P. J., Birdsong, P. J., Beasley, P. J., Cooper, Andrews, Blackburn and Smith, JJ., concur. In Case No. A93A1422, Birdsong, P. J., Andrews and Smith, JJ., concur. Beasley, P. J., concurs specially. Pope, C. J., McMurray, P. J., Cooper and Blackburn, JJ., dissent.*

BEASLEY, Presiding Judge, concurring specially.

I concur fully in the opinions in Case Nos. A93A1874 and A93A1875. I concur in the opinion in Case No. A93A1422 but, considering that the dissent is based on the absence of a certain fuse, believe it necessary to explain why plaintiff cannot prevail upon this theory.

Plaintiff's expert testified that the exact cause of the fire could not be detected because of the fire damage. In his opinion, it was either a ground fault or a component failure. A ground fault would not have been attributable to Maytag because it did not install the oven unit, as acknowledged by the expert in his affidavit. A component failure would have been due to a defective component, he said. But he could only say that it was possible, not even probable, that there was a component failure.

Thus, the alleged negligence is that Maytag failed to include a fuse which would *prevent* a fire from a ground fault or a component failure. There had been a fuse in the design earlier. Plaintiff's expert was of the opinion that if such a fuse had been included, but at a different location than originally in the design, it would have protected the entire circuitry from all faults, including a component failure. This was nothing more than hindsight. As he said, "It would have been better if that fuse was still there, and it would have been better

if that fuse had been placed in a different place in the circuit."

The key is that he was not of the opinion that the absence of the fuse was an improper design. He said so twice.

On this evidence, a jury would be precluded from finding negligence on the part of the manufacturer.

McMurray, Presiding Judge, dissenting.

I agree with the majority's holdings as to Case Nos. A93A1874 and A93A1875, and concur fully as to all said therein as to Case Nos. A93A1874 and A93A1875. However, in my view there is some evidence that the fire was caused by a defect in the design of the oven. Therefore, I respectfully dissent to the affirmance of summary judgment in favor of defendant Maytag Corporation in Case No. A93A1422.

Plaintiff's expert opined that the fire began in the control panel of the oven and that only two possible causes could have started a fire there, either a ground fault or failure of a component. He also testified that retention of a fuse removed from the design shortly prior to the manufacture of the oven in question would have prevented a fire caused by a ground fault and that a better placement of that same fuse in the design could have protected the entire circuit from any type of electrical fault at no additional cost. The plaintiff's expert also stated that: "If there are ways that the appliance can fail, cause a fire, with drawing less than the 20 ampere fuse protection [which was provided by the building's electrical system in this case], then it would be the responsibility of the appliance manufacturer to build in the protection for that. . . ." Although the plaintiff's expert did not invade the province of the jury by offering an opinion as to the ultimate issue, the facts provided were sufficient, in my view, to permit a jury to conclude that omission of such a fuse was a design flaw which caused Pettis' death. "It is the established rule in Georgia, that where (a) the path from evidence to conclusion is not shrouded in the mystery of professional skill or knowledge, and (b) the conclusion determines the ultimate issues of fact in a case, the jury must make the journey from evidence to conclusion without the aid of expert testimony." *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114 (427 SE2d 86). It is within the capacity of the average lay person (juror) to consider the testimony of the experts and determine whether the omission of a fuse was a defect. See also *Westinghouse Elec. Corp. v. Williams*, 173 Ga. App. 118, 121 (3), 122 (325 SE2d 460).

I am authorized to state that Chief Judge Pope, Judge Cooper and Judge Blackburn join in this dissent.

DECIDED NOVEMBER 23, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993 — 

*Gambrell & Stolz, Irwin W. Stolz, Jr., Gary A. Barnes, Seaton D. Purdom*, for Bunch.

*Alston & Bird, Russell W. Thorpe, Cynthia Counts*, for Maytag Corporation.

*Drew, Eckl & Farnham, Elizabeth Helm, Hall F. McKinley III, R. Harold McCard, Jr.*, for Baumann.

*Swift, Currie, McGhee & Hiers, David R. Hughes, Stephen L. Cotter, Dennis A. Brown*, for Mathieson Drive Apartments.