**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 9, 2020**

# In the Court of Appeals of Georgia

A19A2422. HOLCOMB INVESTMENTS LIMITED v. KEITH
    HARDWARE, INC. et al.

MILLER, Presiding Judge.

Keith Hardware, Inc., a commercial tenant of Holcomb Investments Ltd., received a delivery of plastic totes containing volatile chemicals from Ace Hardware Company, and one of these totes was the apparent origin of a fire that caused extensive damage to Holcomb's building. Holcomb appeals from the trial court's grant of summary judgment to Keith Hardware and Ace Hardware as well as the trial court's denial of its cross-motion for summary judgment. Holcomb argues that (1) it was entitled to summary judgment on its breach of contract claim based on the indemnification clause in its lease with Keith Hardware; (2) as to both Keith Hardware and Ace Hardware, the trial court erred in finding that there were no jury

questions as to negligence and also erred in failing to view the facts in a light most favorable to Holcomb; and (3) the trial court erred in finding that, as against Keith Hardware, the doctrine of res ipsa loquitur was inapplicable. We determine that (1) Holcomb's indemnification argument is beyond this Court's proper scope of review because the trial court did not address it; and (2) the trial court erred in granting summary judgment to both Keith Hardware and Ace Hardware on Holcomb's negligence claims. Accordingly, we vacate the trial court's denial of Holcomb's motion for summary judgment and reverse the trial court's grant of summary judgment to Keith Hardware and Ace Hardware.

"A trial court properly grants a motion for summary judgment when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." (Citation omitted.) *Villareal v. TGM Eagle's Pointe, Inc.*, 249 Ga. App. 147 (547 SE2d 351) (2001). "On appeal of a grant of summary judgment, we conduct a de novo review, and we view the evidence in the light most favorable to the nonmoving party." (Citation omitted.) Id.

So viewed, the record shows that Keith Hardware was a commercial tenant that operated a hardware store in Holcomb's building. In 2015, while Randall Thomas was working at the store, an Ace Hardware delivery truck driver dropped off pallets and

2

plastic totes. As soon as the driver, Jeffrey Hill, unloaded the first pallet from the truck, Thomas asked about a "god awful smell" emanating from the pallet. Hill replied, "I don't know." Thomas deposed that he had never smelled the scent before but described it as a "chemical" scent, and he also testified that due to the material(s) emitting the scent, his eyes hurt and his nose burned. Neither Thomas nor Hill made a closer inspection of the pallet to investigate the scent. Thomas carried the pallet into the store and pushed it far into the stockroom, which was located in a corner of the building. He then placed three additional seven-foot pallets in front of the pallet that had been emitting the chemical scent and closed the door to the stockroom.

Thomas then began unloading other pallets which he had placed at the front of the store by the sales area. Approximately 20 minutes after bringing the first pallet into the store, Thomas began smelling the same chemical scent from the front of the store, but continued working for approximately five more minutes. He then decided to investigate and heard "crackling and popping" in the corner of the store where the stockroom was located. Upon entering the stockroom, Thomas saw flames coming out of a plastic tote from the same pallet that had emitted the chemical scent. By then, the fire was already "intense," and Thomas determined that he could not put it out with an extinguisher. The fire spread and ultimately caused extensive damage to

Holcomb's building, resulting in a loss of $116,262.47, which was not covered by insurance.

Holcomb's expert, Douglas Byron, a forensic chemist specializing in fire debris analysis, opined to a reasonable degree of scientific certainty that the fire was caused by a "self-heating" reaction inside the tote, from "materials that are incompatible with each other." In his written report, Byron concluded, "to a reasonable degree of scientific certainty," that "Ace Hardware [had] improperly and unsafely plac[ed] incompatible chemicals and materials in the same container." He explained, "[s]ome of these chemicals and materials likely broke open and mixed with each other leading to a chemical reaction and ensuing spontaneous combustion event that resulted in the subject fire."

Byron could not say with certainty which materials had combined to start the fire. Using the shipment manifest, however, and accounting for Thomas's observation of the "awful" scent, Byron ultimately concluded that "the most likely scenario" was that muriatic acid and pool chlorine had combined to spontaneously combust.[1]

---

[1] According to Byron's report, muriatic acid is another term for hydrochloric acid, and the pool chlorine here was in the form of calcium hypochlorite, which is a strong oxidizer that generates heat and toxic chlorine gas when it reacts with acids such as muriatic acid.

4

Although Byron testified as to a few combinations of materials that may have combusted, he explained, "the only thing that we've identified that can produce a horrific, god awful smell, would be the reacting of those two compounds." While he was not "a hundred percent" certain that the muriatic acid and chlorine had combined to cause the fire, he testified, "as the evidence goes and the testimony, . . . that's really the only thing we had in this case." Byron had not performed any tests showing that these two compounds combined to cause a fire, but he testified that an exothermic reaction had been "known to happen" when they combined. The record does not show that any other investigator or the fire department determined a cause for the fire.

Holcomb filed suit against Keith Hardware and Ace Hardware in the State Court of Walker County, raising both breach of contract and negligence claims. Holcomb claimed that Keith Hardware had breached its lease agreement to keep the leased space in a habitable, safe, and good condition by storing unsafe, combustible materials in Holcomb's building. As part of its negligence claims against both defendants, Holcomb alleged that Keith Hardware was negligent in accepting the combustible materials and storing them in the building and that Ace Hardware was negligent in delivering such materials. Both defendants filed motions for summary judgment. Keith Hardware argued that Holcomb's negligence claim failed because

5

the cause of the fire was undetermined and that Holcomb's breach of contract claim failed in the absence of a showing of negligence. Ace Hardware argued that it had packed the subject tote in accordance with the federal guidelines, which preempt state law tort claims, and that Holcomb's negligence claim failed on the causation element. Holcomb filed a cross-motion for summary judgment against Keith Hardware, contending that the clear and unambiguous terms of the lease agreement required Keith Hardware to indemnify Holcomb for its damages and that Keith Hardware was also contractually obligated to pay Holcomb's legal expenses, attorney fees, and interest.

After a hearing, the trial court granted summary judgment in favor of Keith Hardware and Ace Hardware and denied Holcomb's cross-motion for summary judgment. The trial court determined that Holcomb's negligence claims against both defendants failed as a matter of law because Holcomb's evidence regarding causation was speculative and that Holcomb had no breach of contract action against Keith Hardware in the absence of a showing of negligence. This appeal ensued.

1. First, Holcomb contends that the trial court erred in denying its cross-motion for summary judgment on its breach of contract claim against Keith Hardware because an indemnification clause in the lease agreement required Keith Hardware

6

to indemnify Holcomb for its damages. This argument, however, is beyond the proper scope of our review because the trial court did not address it.

The indemnification clause in the lease agreement between Holcomb and Keith Hardware provided in part as follows:

> Tenant shall indemnify . . . Landlord against all liabilities, expenses and losses, incurred by Landlord as the result of (a) damage or injury to Landlord, the Premises, or property or person of anyone else, *if due to the act or neglect of Tenant* or anyone under Tenant's control or employ; (b) failure by Tenant to perform any covenants required to be performed by Tenant hereunder; and/or (c) Tenant's failure to comply with any requirements of any governmental authority.

In its cross-motion for summary judgment, Holcomb argued that this contractual clause required Keith Hardware to indemnify or compensate Holcomb for the fire damage and losses. In Holcomb's view, Thomas's "act" of bringing a suspicious pallet into the building led to the fire and subsequent destruction of the building. But the trial court did not address this argument in its order denying Holcomb's summary judgment motion. "Thus, if we were to conclude that the trial court erred, it would be on account of an issue never ruled on below." *Nebo Ventures, LLC v. NovaPro Risk Solutions, L.P.*, 324 Ga. App. 836, 848 (4) (752 SE2d 18) (2013).

[W]hen this Court reviews a decision of a trial court on a motion for summary judgment, it sits as a court for the correction of errors of law. An error of law has as its basis a specific ruling made by the trial court. And although in certain instances an appellate court can review a record and determine that a summary judgment ruling was right for some reason other than that given by the trial court, an appellate court should not consider whether the trial court was 'wrong for any reason.'

(Citation omitted.) *Piedmont Hosp., Inc. v. D.M.*, 335 Ga. App. 442, 448-449 (3) (779 SE2d 36) (2015). Holcomb's argument is therefore beyond our proper scope of review. Id. at 449 (3); *Earls v. Aneke*, 350 Ga. App. 455, 461 (1) (829 SE2d 661) (2019). Accordingly, we vacate the trial court's denial of Holcomb's cross-motion for summary judgment and remand for the trial court to consider in the first instance whether Holcomb is entitled to indemnification under this section of the lease agreement. See *Earls*, supra, 350 Ga. App. at 461 (1) (vacating the trial court's summary judgment orders and remanding for the trial court to address the appellant's argument raised below); *Strength v. Lovett*, 311 Ga. App. 35, 45 (2) (b) (714 SE2d 723) (2011) (same).

2. Next, Holcomb argues that the trial court erred in granting Keith Hardware's summary judgment motion because there were fact issues regarding Keith Hardware's

8

negligence. Because genuine issues of material fact remain, the trial court erred in granting summary judgment in Keith Hardware's favor.

"It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation[,] and damages." (Citation and punctuation omitted.) *Johnson v. American Nat. Red Cross*, 276 Ga. 270, 272 (1) (578 SE2d 106) (2003). "And to prove causation, the plaintiff must show that the wrongdoing is both a cause in fact and a proximate cause of the injuries alleged." (Citation and punctuation omitted.) *Redmon v. Daniel*, 335 Ga. App. 159, 162-163 (779 SE2d 778) (2015). We remain mindful that "[e]ven *slight* evidence will be sufficient to satisfy the plaintiff's burden of production of some evidence on a motion for summary judgment; such evidence may include favorable inferences drawn by the court from the evidence presented." (Citation and punctuation omitted; emphasis supplied.) *Dalton v. City of Marietta*, 280 Ga. App. 202, 203 (633 SE2d 552) (2006). "[I]ssues of negligence and causation generally are not appropriate for summary adjudication unless the evidence is plain, palpable, and undisputable." *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (526 SE2d 357) (1999).

Here, Holcomb alleged in its complaint that Keith Hardware was negligent in accepting combustible materials from Ace Hardware and then storing those materials in Holcomb's building. Regarding the pallet at issue, the evidence showed that "as soon as [Hill] put the pallet down and set it down," Thomas remarked concerning a "god awful" scent, which he had never smelled in the two years that he had worked at the store. Thomas explicitly described it as a "chemical" scent and explained that, on a scale of one to ten, with ten denoting "overwhelming," the scent was "[p]robably a seven." He testified, "I know the difference in chlorine. I know the difference in mineral spirits. I know the difference in different smells. But this was an unfamiliar, unrecognizable smell." Due to whatever material(s) emitted the scent, Thomas's eyes hurt, and his nose burned. Thomas also testified that, as it pertained to deliveries from Ace Hardware, about half of the boxes he opened contained chemicals and flammable materials. The evidence also showed that after Thomas placed the pallet in the storeroom, he began smelling the same chemical scent from where he was positioned at the front of the store, but he continued working for approximately five more minutes.

Although no witness could definitively identify what specific material(s) in the tote combusted,[2] the record contains at least slight evidence raising a fact issue regarding whether Keith Hardware's alleged wrongdoing caused Holcomb's injuries. Specifically, the record shows the following: (1) Thomas brought the subject pallet into the building and stored it despite prolonged observations of a "god awful" chemical scent and his physical reactions to the pallet's contents; (2) Thomas continued working even after the same chemical scent reached him at the front of the store; (3) a fire then originated in a tote from that same pallet; and (4) that fire, in turn, spread and caused extensive damage to Holcomb's building. Accordingly, there is a fact question as to whether Keith Hardware was negligent in accepting the delivery, storing the pallet in the building, and then leaving the pallet unattended in a closed room. Additionally, there is sufficient evidence from which a jury could

---

[2] While Byron testified that the most likely cause of the fire was the combination of muriatic acid and pool chlorine, he could not point to any study or test that showed that the mixing of these two materials would cause a fire and he could not testify as to how much heat was generated in the reaction. See *Kaiser v. Tara Ford, Inc.*, 248 Ga. App. 481, 488 (3) (546 SE2d 861) (2001) ("[A]n inference based on uncertain or speculative evidence or which merely raises a conjecture or possibility will not preclude summary judgment.") (citation omitted).

11

determine that, but for Keith Hardware's actions, the building would not have burned and that Keith Hardware was also at least one proximate cause of its injuries. See, e.g., *Stern v. Wyatt*, 140 Ga. App. 704, 705 (1) (231 SE2d 521) (1976) ("A defendant may be held liable where it appears that . . . his negligence put in operation other causal forces which were the direct, natural, and probable consequences of the defendant's original act[.]"). The evidence in this case is not plain, palpable, and undisputable so as to warrant a grant of summary judgment in Keith Hardware's favor.

We are cognizant of our prior decisions involving fires, in which we held that the defendant was entitled to summary judgment on the plaintiff's negligence claim because the cause of the fire was undetermined. See *Sawtell Partners, LLC v. Visy Recycling, Inc.*, 277 Ga. App. 563, 565 (2) (627 SE2d 58) (2006); *Denson Heating & Air Conditioning Co. v. Oglesby*, 266 Ga. App. 147, 148 (596 SE2d 685) (2004); *Bunch v. Maytag Corp.*, 211 Ga. App. 546, 547 (1) (439 SE2d 676) (1993). Those cases do not dictate the result here. In those cases, evidence of the actual cause of the fire was necessary because the issue under consideration was whether the defendants' alleged negligence caused some instrumentality to catch fire or caused a fire to break out. *Sawtell Partners*, supra, 277 Ga. App. at 565 (2) ("[Plaintiff] has provided no

12

evidence that [the defendant] caused the fire that damaged [the] property."); *Denson*, supra, 266 Ga. App. at 148 ("[T]here is no evidence that the explosion and resulting fire were caused by any negligence on the part of [the defendant] in the installation and service of the furnace."); *Bunch*, supra, 211 Ga. App. at 548 (1) (grant of summary judgment to oven manufacturer was proper because there was no causal connection between the design and/or construction of the oven and the injuries).

In this case, however, the alleged negligence is not so narrow. Holcomb is not necessarily arguing, in a strict sense, that Keith Hardware caused the tote to catch fire; after all, it is conceivable that after the tote was delivered, it would have caught fire regardless of any action Thomas took or failed to take. Rather, Holcomb's claim — which is supported by at least slight evidence in the record — is partially that Keith Hardware was negligent in *storing the suspicious pallet in the building*. In other words, even though the evidence does not definitively demonstrate which specific materials combined to start the fire, there is a triable issue as to whether Keith Hardware was negligent in storing an evident, potential hazard in Holcomb's building and leaving it unattended in a closed room, so as to ultimately be a cause of the extensive fire damage to the building. As Holcomb explicates in its brief, regardless of what specifically combusted, a jury could find that had Thomas not carried the

13

pallet into the building, or had he monitored the pallet, Holcomb's building likely would not have burned. Thus, the trial court erred in granting summary judgment in Keith Hardware's favor on Holcomb's negligence claim.[3]

3. Lastly, Holcomb argues that the trial court erred in granting summary judgment to Ace Hardware because there is evidence that Ace Hardware packed incompatible chemicals into the same tote, and that Hill failed to inspect and remedy the suspicious tote once he was alerted to an issue with the pallet. We agree that the grant of summary judgment was error.

First, Holcomb's negligence claim is not preempted by the Hazardous Materials Transportation Act and the Hazardous Materials Regulations.[4] Although Holcomb's expert testified that Ace Hardware complied with federal regulations when it packed the subject tote, this does not necessarily demonstrate that Ace

---

[3] Because Holcomb presented some evidence of negligence on the part of Keith Hardware, we need not address Holcomb's argument that the doctrine of res ipsa loquitur should allow its negligence claim to proceed to a jury. See *Persinger v. Step By Step Infant Dev. Center*, 253 Ga. App. 768, 770 (560 SE2d 333) (2002) (the doctrine of res ipsa loquitur "is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant.") (citation omitted).

[4] This Court may exercise jurisdiction to address a preemption defense where it does not involve a direct constitutional challenge to an entire statute, ordinance or regulation on preemption grounds. *Fox v. Norfolk Southern Corp.*, 342 Ga. App. 38, 44 (1) (802 SE2d 319) (2017).

Hardware exercised ordinary care. See *Chancey v. Peachtree Pest Control Co.*, 288 Ga. App. 767, 770 (2) (a) (655 SE2d 228) (2007) (holding that the trial court wrongfully instructed the jury that the application of pesticides in a manner consistent with the federal registered label does not fall below the standard of care). Compare *Midville River Tract, LLC v. Central of Georgia Railroad Co.*, 339 Ga. App. 546, 548-549 (1) (794 SE2d 192) (2016) (plaintiff's negligence claim was preempted by federal law where the plaintiff alleged that the defendant installed a fractured weld in violation of federal regulations).

The retail support center manager for Ace Hardware testified that Ace Hardware is responsible for ensuring that the delivery that was made to Keith Hardware was organized and packed safely. Similarly, Hill affirmed that he was responsible for avoiding and preventing possible safety hazards, including fire hazards. He testified, too, that he occasionally delivers hazardous or flammable materials. In his expert report, Byron noted that the pallet in question had been transported while open and exposed to rain, and that the moisture from the rain can create a fire hazard with some chemicals and products. Crucially, the retail support center manager testified that if a pallet is unloaded from a truck during a delivery, which emits a strong chemical smell, and the driver detects that smell, the driver is

15

to call the center, after which a HazMat team would be sent to the location in the event of a hazard. Hill testified likewise, that if faced with this predicament he would call his supervisor and report it. Hill also has an "emergency response book" in his truck that contains the telephone number for a chemical technician, in the event that he "run[s] into any situations."

Given this evidence, and as we discussed in Division 2, we do not deem it fatal to Holcomb's negligence claim that the evidence fails to definitively show which specific materials combusted. When viewed in the light most favorable to Holcomb, the evidence shows that Thomas observed a "god awful" scent being emitted from the pallet, he inquired about that scent with Hill, and Hill nevertheless proceeded with the delivery without taking *any* further precautions. Therefore, it is for the jury to determine whether Ace Hardware was negligent in completing the delivery in the manner that it did, so as to be a cause of Holcomb's injuries. Again, the evidence is not plain, palpable, and undisputable so as to demand summary judgment in Ace Hardware's favor, and the trial court erred in ruling otherwise.

In sum, we vacate the trial court's denial of Holcomb's cross-motion for summary judgment and remand for the trial court to consider Holcomb's argument

regarding indemnification, and we reverse the trial court's grant of summary judgment to both Keith Hardware and Ace Hardware.

*Judgment reversed in part, vacated in part, and case remanded with direction.*

*Rickman and Reese, JJ., concur*.